280 N.J. Super. 145 (1995)
654 A.2d 1012
CYNTHIA I. HART, PLAINTIFF-APPELLANT,
v.
PROPERTY MANAGEMENT SYSTEMS, CONTROL SERVICES GROUP, INC., PRUDENTIAL INSURANCE COMPANY OF NORTH AMERICA, GATEWAY III, THIRD GATEWAY CENTER, ABC CORP. (N/B/F), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1995.
Decided March 14, 1995.
*146 Before Judges SHEBELL, SKILLMAN and WALLACE.
Sinins, Bross & Marum, attorneys for appellant (Thomas F. Dorn, Jr., on the letter-brief).
McDonough, Korn & Eichhorn, attorneys for respondent, Control Services Group, Inc. (Timothy J. Jaeger, of counsel, and on the brief).
Robert A. Auerbach, attorney for respondent, Property Management Systems (Randi S. Greenberg, on the letter-brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
Plaintiff, Cynthia I. Hart, filed a complaint alleging that she was injured when she fell on premises owned and/or maintained by defendants. On March 9, 1993, plaintiff's claim was arbitrated and the arbitrator found "no cause for action." The attorney who was *147 then handling the case for plaintiff's law firm did not attend the arbitration; rather, another associate in the law firm represented plaintiff at the hearing. After receiving a copy of the Report and Award of Arbitrator, the attorney returned plaintiff's case file to the attorney handling the matter, recounted what had occurred, and advised her of the need to file a demand for a trial de novo. None was ever filed.
On June 9, 1993, defendants filed a motion to confirm the arbitration award and to dismiss plaintiff's complaint. Defendants sent a copy of this motion, which was returnable on June 25, 1993, to plaintiff's law firm. By the time the motion was filed on June 9, 1993, the attorney who had been handling the plaintiff's case was no longer employed by the firm. The attorney who was "responsible for responding to this motion" certified that he was unaware of the motion "as it was not in the file nor was it listed on our [office] motion schedule." There is no direct denial that it was received by the firm.
On June 18, 1993, an order was entered, granting defendants' motion and dismissing plaintiff's complaint. On July 2, 1993, defendants sent a copy of this order to plaintiff's law firm with a letter addressed to the attorney who had originally been handling the case. The newly assigned attorney's "first contact" with plaintiff's case file "occurred in July 1993," when he received the letter and order of dismissal. It was not, however, until August 25, 1993, that the attorney filed a motion to vacate the order, asserting the presence of "extraordinary circumstances." On September 27, 1993, plaintiff's motion was denied. Plaintiff filed a motion for reconsideration, which was also denied. Plaintiff then filed this appeal.
N.J.S.A. 2A:23A-26 provides for mandatory confirmation of the arbitration decision upon motion, unless one of the parties petitions the court for a trial de novo within thirty days of the filing of the arbitration decision. Ibid. The Legislature intended that this rule to be strictly enforced. See Assembly Insurance Committee Statement, Senate No. 2709, c. 329 (1987) ("the court *148 shall, upon the motion of any of the parties, confirm the arbitration decision, ... unless one of the parties petitions the court within 30 days of the filing of the arbitration decision for a trial de novo. . ."). R. 4:21A-6(b)(1) was adopted to supplement the statute. This rule mandates dismissal of the action unless "within 30 days after filing the arbitration award, a party thereto files with the civil case manager ... a notice of rejection of the award and demand for a trial de novo. ..." R. 4:21A-6(b)(1).
This court in Mazakas v. Wray, 205 N.J. Super. 367, 500 A.2d 1085 (App.Div. 1985) interpreted the arbitration statute and court rules in deciding the standard to be applied in determining whether relaxation of the court rules was proper. Ibid. We stressed that the "stated aim of the compulsory arbitration program is to bring speedy and inexpensive adjudication of disputes subject to the Act, `and to ease the burdens and congestion of the State's courts.'" Id. at 371, 500 A.2d 1085 (citing N.J.S.A. 39:6A-24). We noted "that the arbitration process, once accomplished, should ordinarily bring about an end to the litigation when neither party has made a timely motion for a trial de novo." Ibid.
Although we concluded that the thirty day limitation for demanding a trial de novo is not jurisdictional and is subject to relaxation and enlargement of the time limitation, we pointed out that judges should only exercise this power in extraordinary circumstances. Id. We further stated in Mazakas:
Generally, when asked after the passage of 30 days to bypass the binding effect of this statutory arbitration, the trial courts should be guided by the same principles as they would apply in passing upon a motion for relief from an order or a judgment under R. 4:50-1. Of course, the one year limitation of R. 4:50-2 would not apply, since this proceeding has its own internal limitation. But, considering the intention of the arbitration program for finality in the proceeding, the passage of time should be a critical factor in a judge's consideration.
[Mazakas, supra, 205 N.J. Super. at 372, 500 A.2d 1085.]
R. 4:50-1 sets forth the grounds for granting a motion for relief from a judgment or order. Ibid. Among those grounds are "mistake, inadvertence, ... or excusable neglect." Ibid. Any justification for relief under these grounds must be "`compatible *149 with proper diligence.'" Lawrence v. Matusewski, 210 N.J. Super. 268, 272, 509 A.2d 327 (Law Div. 1986) (quoting Baumann v. Marinaro, 95 N.J. 380, 394, 471 A.2d 395 (1984)). The plaintiff's failures in the present case to petition for a trial de novo are not compatible with proper diligence. "Failure to supervise one's secretary does not ordinarily present such "`extraordinary circumstances'" as will permit an attorney to make a late demand for trial de novo." Sprowl v. Kitselman, 267 N.J. Super. 602, 609, 632 A.2d 540 (App.Div. 1993). Further, the excuse of an attorney being too busy or of having too heavy a work load to properly handle litigation or to supervise staff must be rejected as insufficient to constitute extraordinary circumstances. See Pybas v. Paolino, 73 Wash. App. 393, 869 P.2d 427 (1994). We can find no extraordinary circumstances at any stage of this saga as would entitle plaintiff to relief.
Affirmed.