811 A.2d 906

AMERICA'S PRIDE CONSTRUCTION, PLAINTIFF, v. JOHN FARRY AND EILEEN FARRY, DEFENDANT AND THIRD–PARTY PLAINTIFFS–APPELLANTS, v. LOU BONI, THIRD–PARTY DEFENDANT, AND TIMOTHY P. KLESSE AND KLESSE ASSOCIATES, P.A., THIRD–PARTY DEFENDANTS–RESPONDENTS.

Argued September 23, 2002—Decided December 19, 2002.

*Bartholomew A. Sheehan, Jr.,* argued the cause for appellants (*Dempsey, Dempsey and Sheehan,* attorneys).

*Stephen O. Davis,* argued the cause for respondents (*DiFrancesco, Bateman, Coley, Yospin, Kunzman, Davis & Lehrer,* attorneys).

The opinion of the Court was delivered by

ZAZZALI, J.

In this appeal, we must determine whether a party who receives notice of an arbitration hearing, but does not attend it, is nonetheless entitled to a new hearing when the arbitrator has failed to provide that party with notice that an arbitration award has been entered. The lower courts concluded that the absence of "extraordinary circumstances" precluded vacation of the arbitration award. We reverse.

## I

In April 1998, John and Eileen Farry contracted with America's Pride Construction, Inc. (America's Pride or plaintiff), to perform renovations on their home. Soon after the renovations had begun, the Farrys became dissatisfied with plaintiff's work, ordered all construction to cease and refused to pay for any costs incurred by plaintiff. In June 1998, America's Pride filed suit against the Farrys for breach of contract. The Farrys counterclaimed against America's Pride and its principal, Lou Boni, alleging breach of contract, breach of the implied warranties of merchantability and fitness, and consumer fraud. They also filed a third-party complaint against the architect, Timothy Klesse, and his firm, Klesse Associates, P.A., alleging negligence in the design and supervision of the renovations to their home.

In February 1999, the trial court notified the parties that the matter had been selected for mandatory, non-binding arbitration pursuant to *Rule* 4:21A–1. The original hearing was scheduled for March 1999, but due to four postponements the hearing did not

occur until October 1999. In August 1999, the attorneys for America's Pride filed a motion to be relieved as counsel, claiming that America's Pride had been delinquent in the payment of past due legal fees. The trial court entered an order in September 1999, granting counsel's motion to withdraw and directing America's Pride and Boni to retain substitute counsel within thirty days. The order provided that if America's Pride failed to retain counsel within the appointed time, its affirmative claims and defenses would be "subject to dismissal or default." The order also stated that Boni would be deemed *pro se* if he failed to retain counsel within the appointed time.

In September 1999, the trial court notified the Farrys' attorney, Bartholomew Sheehan, that the arbitration date was set for October 27, 1999. On the morning of the hearing, Sheehan received a telephone call from Stephen Davis, the attorney representing Klesse, informing him that the arbitration was to proceed. Sheehan explained to Davis that he had assumed that the hearing would be postponed because America's Pride and Boni had not obtained substitute counsel. According to Sheehan, he believed that the arbitration would be postponed after Davis "assured [him] that it would be taken care of."

Shortly thereafter, an administrator in the office of the arbitrator telephoned Sheehan, inquiring why he was not present at the hearing. The administrator informed Sheehan that the hearing would proceed "with or without counsel." Sheehan chose not to attend the session. He assumed that if the arbitrator entered an award adverse to his clients' interests, he would move for a trial *de novo* once he received notice of that award.

That same day, the arbitrator entered an award, finding "no cause" in respect of the Farrys' claim against all parties. Neither Sheehan nor the Farrys received notice of the arbitration award pursuant to *Rule* 4:21A 5(a)(1999). In December 1999, Klesse filed a motion to confirm the arbitration award. Upon receiving a copy of that motion, Sheehan learned for the first time that the

arbitrator had entered an award against the Farrys. In January 2000, the trial court entered an order confirming the award.

In response to the trial court's order, Sheehan filed a motion for reconsideration. He did not file a cross-motion for a trial *de novo*, but instead attached an affidavit to the motion for reconsideration, requesting permission *nunc pro tunc* to file a rejection of the award and demanding a trial *de novo* out of time. Sheehan argued that he did not timely file a demand for a trial *de novo* because he did not receive notification of the arbitration award as required by *Rule* 4:21A–5(a).

The trial court held that Sheehan's lack of diligence, including his failure to appear on the day of the hearing, his neglect in inquiring about the status of the hearing, and his failure to file a timely demand for a trial *de novo*, did not constitute "extraordinary circumstances" warranting the reversal of the arbitration award. The Appellate Division affirmed the trial court's decision. The panel agreed with the trial court that Sheehan had "failed to demonstrate the required 'extraordinary circumstances' necessary to relax the time limitations governing the filing of a demand for a trial *de novo*."

The Farrys filed a petition for certification challenging the Appellate Division's decision. We granted certification and remanded. 169 *N.J.* 600, 782 *A.*2d 419 (2001). On remand, the Appellate Division again affirmed the trial court's decision. The Farrys filed a petition for certification, and we granted certification. 171 *N.J.* 444, 794 *A.*2d 182 (2002).

## II

The issue now before the Court is whether the arbitrator's failure to provide the Farrys with a copy of the arbitration award as prescribed by *Rule* 4:21A–5(a) is a sufficient basis to toll the filing deadlines set forth in *Rule* 4:21A–6(b).

The purpose of a notice requirement is to apprise a party of some fact that he or she has a right to know and that the

communicating party has a duty to communicate. *Kaprow v. Board of Educ. of Berkeley Township,* 131 *N.J.* 572, 587, 622 *A.*2d 237 (1993). When this matter was arbitrated, *Rule* 4:21A–5(a) provided that

> [w]ithin 10 days after the completion of the arbitration hearing, the arbitrator shall file the written award with the civil division manager *and shall mail a copy thereof to each of the parties.* The award shall include a notice of the right to request a trial de novo and the consequences of such a request as provided by R. 4:21A–6.
>
> [*R.* 4:21A–5(a)(1999)(emphasis added).]

Under *Rule* 4:21A–6(b), on the filing of an arbitrator's award, an order shall be entered dismissing the action unless:

> (1) within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule; or
>
> (2) within 50 days after the filing of the arbitration award, the parties submit a consent order to the court detailing the terms of settlement and providing for dismissal of the action or for entry of judgment; or
>
> (3) within 50 days after the filing of the arbitration award, any party moves for confirmation of the arbitration award and entry of judgment thereon.
>
> [*R.* 4:21A–6(b) (1999).]

### III

Reading *Rules* 4:21A–5(a) and –6(b) together, we find that the time periods set out in *Rule* 4:21A–6(b) do not begin to run until the arbitrator has filed the written award with the civil division manager and the parties. Our interpretation of the mailing requirement under *Rule* 4:21A–5(a) is consonant with other Court Rules that condition a filing deadline on the receipt of notice that a judgment, order, or decision has been entered against a party. *See, e.g., R.* 4:49–2 (requiring service of judgment or order upon all parties before twenty day deadline under Rule is triggered); *R.* 2:4–1(b) (providing that appeals from final decisions or actions of state administrative agencies shall be taken within forty-five days from date of service of decision or notice of action taken).

In this appeal, it is undisputed that neither the Farrys nor their attorney received a copy of the arbitration award. The Farrys claim that if they had received notice of the arbitration award they

would have rejected it immediately and requested a trial *de novo.* Sheehan was aware of and relied on the notice requirement under *Rule* 4:21A–5(a) requiring that he be notified of any award filed with the civil division manager. However, as noted, the arbitrator failed to send a copy of the award to Sheehan or the Farrys, and thus the thirty-day period to reject the award and file a demand for a trial *de novo* did not begin to run. *See Sprowl v. Kitselman,* 267 *N.J.Super.* 602, 610, 632 *A.2d* 540 (App.Div.1993) (remanding for arbitration where attorney did not receive notice of arbitration hearing). We hold that in the circumstances of this case the arbitrator's failure to send the award to the Farrys or their attorney rendered timely the late objection to the award.

### IV

At oral argument, the parties were asked whether they preferred arbitration or a trial *de novo* in the event that the matter was reversed and remanded. Klesse's attorney indicated that his clients preferred arbitration. Sheehan indicated that the Farrys were amenable to re-arbitrating the matter. In fairness to all parties we therefore remand for re-arbitration.

Sheehan is responsible for all necessary and reasonable costs associated with the first arbitration, excluding attorneys' fees. In future cases, a party's failure to appear at the arbitration will result in appropriate sanctions as set forth in the recently amended *Rule* 4:21A–4(f)(2002).

Accordingly, we reverse and remand the matter for arbitration.

*For reversing and remanding*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI, and ALBIN—7.

*Opposed*—None.