**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0682-20

MICHAEL TORRES,

      Plaintiff-Appellant,

v.

T.U.C.S. CLEANING SERVICE
and KONE, INC.,

      Defendants-Respondents,

and

T.U.C.S. CLEANING SERVICE,

      Defendant/Third-Party
      Plaintiff-Respondent,

v.

KONE, INC.,

      Third-Party Defendant-
      Respondent.

_____

Submitted September 13, 2022 – Decided September 19, 2022

Before Judges Geiger and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4153-17.

Michael Torres, appellant pro se.

Law Office of Frank A. Viscomi, attorneys for respondent T.U.C.S. Cleaning Service (Clifford J. Giantonio, on the brief).

Ansa Assuncao LLP, attorneys for respondent Kone, Inc. (David A. Gonzalez, of counsel and on the brief).

PER CURIAM

Plaintiff Michael Torres appeals from Law Division orders that dismissed his action with prejudice pursuant to Rule 4:21A-6(b)(1), granted summary judgment to defendants T.U.C.S. Cleaning Service (TUCS) and Kone, Inc. (Kone), and denied his motion for reconsideration. We affirm the dismissal of plaintiff's action due to his failure to file a timely demand for a trial de novo.

We discern the facts from the summary judgment record, viewing them in the light most favorable to plaintiff. See Richter v. Oakland Bd. of Educ., 246 N.J. 507, 515 (2021).

On June 17, 2015, plaintiff was injured during a slip and fall accident that occurred as he was about to walk off an escalator at the Port Authority Bus Terminal in New York City. Plaintiff alleges there was "something wet" or "very slippery" on the escalator or floor that caused him to slip and fall

backwards, injuring his neck, shoulder, and lower back. He claims he suffered permanent injuries that included a herniated lumbar disc, lumbar radiculopathy, and post-traumatic lumbar facet arthropathy. Plaintiff alleges that the slip and fall was "caused or substantially contributed to by defendants' negligent maintenance and/or cleaning and/or care of the property."

Plaintiff testified that he was making his way home via the Port Authority Bus Terminal, which he did approximately two to three times per week without issue. At the time of the accident, he was holding two suits in one hand and holding on to the railing with the other.

Plaintiff admitted he did not notice anything wrong with the escalator or anything on it and it "seemed normal" to him "until [he] stepped on it." Plaintiff acknowledged that he did not see what he stepped or slipped on and stated: "It seemed normal to me until I stepped on it." He claimed that something liquid and slippery made him lose his balance, causing him to fall backwards and hit his head, both shoulders, and back.

Plaintiff was the only person on the escalator at the time. There were no other eyewitnesses to the accident. Two people helped him up and away from the escalator. He told them that he just wanted to go home despite his arms bleeding; in his opinion, he was in shock. Two police officers arrived at the

3

scene and asked plaintiff if he wanted to go to the hospital, but he declined. Plaintiff took the same escalator up to the platform, again stating that he believed he was in shock. After speaking to a bus dispatcher, plaintiff took a bus home.

Plaintiff was not wearing his eyeglasses on the day of the accident because he forgot them and admitted that had he been wearing them, he may have seen the slippery substance.

Plaintiff sought medical treatment two or three days after the accident from his primary care physician. He reported experiencing headaches and pain in his neck, shoulders, and back. Plaintiff also saw a chiropractor.

Plaintiff subsequently saw an orthopedic surgeon, who sent him for MRIs of his neck, spine, and shoulders, and underwent physical therapy of his neck, spine, and shoulders. Plaintiff also saw a neurologist, who sent him for an MRI of his brain and prescribed medication for his headaches. Plaintiff was later evaluated and treated by a psychiatrist, who diagnosed him with post-traumatic stress disorder, depression, and anxiety.

Plaintiff was previously injured in two motor vehicle accidents and an assault. Plaintiff suffered a disabling lower back injury in a 1995 motor vehicle accident, for which he underwent lower back surgery and receives SSI and SSA benefits. Plaintiff's upper and middle back and neck were injured in a second

4

motor vehicle accident in 2000. Plaintiff was physically assaulted in 2009 and underwent rotator cuff surgery for the injury suffered during the assault.

TUCS was the cleaning service hired by the NY/NJ Port Authority (Port Authority) to clean the Port Authority Bus Terminal. Kone was the company hired by the Port Authority to maintain the escalators in the Port Authority Bus Terminal.

In his complaint, plaintiff named TUCS as the sole defendant and asserted causes of action for negligence, negligent supervision, and respondeat superior for failing to properly clean and maintain the Port Authority Terminal. Plaintiff filed an amended complaint adding Kone as an additional defendant and causes of action for breach of contract as an intended third-party beneficiary (arguing that plaintiff was an intended beneficiary of any contract between TUCS and Kone) and unjust enrichment (arguing that both defendants were unjustly enriched). Plaintiff did not name the Port Authority as a defendant. Thereafter, TUCS filed a third-party complaint against Kone seeking contribution under the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 to -5, and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8.

A-0682-20

Plaintiff's attorney moved to be relieved as counsel. The trial court granted the motion on October 26, 2018, and ordered plaintiff to retain new counsel withing forty-five days.

The court later granted plaintiff's motion to extend discovery and set a new deadline to retain counsel. After retaining new counsel, the new counsel moved to be relieved as counsel. The court denied the motion, further extended discovery, and ruled that plaintiff was "barred from asserting claims not supported by expert reports."

In February 2020, plaintiff sent a letter to the court complaining about his new attorney. On notice to all counsel, the court advised plaintiff that it would not intervene and that any change of counsel would require a formal motion.

The mandatory arbitration of this matter was scheduled for November 6, 2019. Plaintiff failed to appear for the arbitration, and on November 8, 2019, the court dismissed the case for lack of prosecution. On November 26, 2019, plaintiff's counsel filed a motion to reinstate the complaint. The court granted reinstatement and the case was relisted for arbitration.

The rescheduled arbitration was held on January 29, 2020. The defense's independent medical examiner testified that all of plaintiff's injuries were pre-existing. The arbitrator assessed damages at $10,000 and found each defendant

6

twenty-five percent liable and plaintiff fifty percent liable for the accident. Counsel acknowledged receipt of the award that day.

On March 2, 2020, plaintiff's counsel filed and served a demand for a trial de novo. The next day, plaintiff's counsel filed a second motion to be relieved as counsel. In his supporting certification, counsel represented that another attorney had contacted him by telephone and told him to stop working on the case and to send the file to the new attorney. However, counsel further certified that the same attorney contacted him again and told him to keep the file as he would not be representing plaintiff.

On March 12, 2020, Kone filed a motion for summary judgment based on a lack of evidence that Kone was liable and plaintiff's failure to obtain an expert report addressing such liability. Kone filed a separate motion to strike plaintiff's demand for a trial de novo, stating it was not filed within thirty days of the filing of the arbitration award. See R. 4:21A-6(b)(1).

On March 27, 2020, the unopposed motions filed by plaintiff and by counsel to be relieved were granted. The court noted that plaintiff had "ample time to secure new counsel prior to trial." The trial remained scheduled for May 18, 2020.

On March 30, 2020, TUCS filed a cross-motion for summary judgment. It too argued there was no evidence that it was liable, and that plaintiff failed to obtain an expert report addressing such liability. TUCS also filed a brief in support of granting Kone's motion to strike plaintiff's demand for a trial de novo and to dismiss the complaint.

On April 17, 2020, plaintiff, now unrepresented, sent a letter to the court advising that he was seeking new counsel, having back surgery, and requesting an adjournment of the trial date until at least mid-August. Plaintiff represented that he was advised by the secretary of Kone's attorney that oral argument of the pending motions was adjourned to May 22, 2020.

The court sent notice by regular mail advising plaintiff that the trial had been adjourned to July 13, 2020. On April 20, 2020, counsel for Kone provided the court with plaintiff's telephone number. On May 12, 2020, notice was sent by the court rescheduling oral argument of the motions to June 19, 2020. The judge advised plaintiff:

> I will carry oral argument of all three motions for 9 [a.m.] June 19, 2020[,] at which time oral argument will be held telephonically. By the time oral argument is held on June 19, you will have had over [sixty] days to retain new counsel. In any event, nothing prohibits you from submitting opposition to the motions as a self-represented litigant, without legal counsel. On June 19, 2020 at 9:00 a.m., oral argument is expected to proceed

A-0682-20

unless otherwise directed by the [c]ourt. Kindly reach out to defense counsel to arrange how the parties will all call in to the [c]ourt together to proceed with oral argument. Defense counsel are hereby directed to cooperate with plaintiff or plaintiff's new legal counsel in accessing the court remotely for oral argument on June 19, 2020 at 9 [a.m.]

On June 16, 2020, the court sent additional notice by regular mail reiterating that oral argument of the pending motions would be held on June 19, 2020 at 9:00 am. That same day, Kone's counsel submitted the call-in information for oral argument via eCourts and by UPS 2d Day Mail to plaintiff. Plaintiff requested that the motion be rescheduled because he was scheduled for surgery. The court rescheduled oral argument to June 25, 2020.

Plaintiff failed to appear at oral argument. The motions to strike the demand for a trial de novo and for summary judgment were granted to both defendants. The judge found plaintiff had sufficient notice of the rescheduled oral argument and failed to appear. Due to the strict enforcement of the deadline for filing a demand for a trial de novo, the judge struck plaintiff's demand for lack of timeliness, noting that plaintiff did not demonstrate any extraordinary circumstances that warranted an extension of the deadline.

Addressing the summary judgment motions, the judge found there were no facts alleged that supported plaintiff's claims of negligence against either

9

defendant. The judge found there was no evidence of a dangerous condition and no evidence that either defendant had actual or constructive notice of the liquid or slippery substance on the escalator. Plaintiff also failed to produce an expert report that opined there was a breach of duty or proximate causation of plaintiff's injuries. Finally, there was no evidence of unjust enrichment or breach of contract because plaintiff did not have a contract with either defendant.

On August 5, 2020. plaintiff filed a motion for reconsideration of the three dispositive orders. Plaintiff indicated he had new evidence in the form of a photograph of the slippery substance that he allegedly slipped on. The photograph was not presented in discovery, submitted in opposition to defendants' summary judgment motions, or included in his motion for reconsideration. Moreover, the purported photograph is directly contradicted by his deposition testimony that he did not see the substance or know what it was.

On September 18, 2020, the court denied reconsideration. In her oral decision, the judge recounted the dispositive motion history and noted that plaintiff did not state with specificity what judge overlooked or how she erred. Instead, he claimed he had a photograph and tried to introduce it as new evidence, which the judge noted is specifically barred from a motion for reconsideration. Even considering the photograph, the judge found there was

no genuine dispute of material fact, and plaintiff also could also not prove that either defendant had actual or constructive notice of a dangerous condition at the Port Authority. This appeal followed.

Plaintiff raises the following points for our consideration:

POINT ONE

ON JUNE 19, 2020[, THE JUDGE'S] CHAMBERS['] ASSISTANT . . . MADE A BIG MISTAKE ON THE PHONE CALL [TO] ME AND LIE[D] TO ME.

POINT TWO

ON JUNE 25, 2020 [AT] 9:27 A.M.[,] [THE JUDGE] ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS WITHOUT REALLY KNOWING THE FACTS AND DISMISS MY CASE WITH PREJUDICE AND ME WITHOUT BEING PRESENT.

POINT THREE

ON SEPTEMBER 18, 2020, [THE JUDGE] DIDN'T REINSTATE MY CASE AND AGAIN MADE A MISTAKE SUPPORTING THIS NEGLIGENCE AND RECKLENESS OF THIS CLEANING CO. T.U.C.S. AND KONE CO. ESCALATOR CO. DEFENDANTS AND TOOK THEIR SIDE OF THE STORY AND [IN] MY PERSONAL OPINION DEFENDANTS AND JUDGE TOOK ADVANTAGE OF ME [THAT] I DIDN'T HAVE AN ATTORNEY BY MY SIDE PRESENT REPRESENTING ME AND ACTING PRO SE ALONE. "NO JUSTICE AT ALL."

We first address plaintiff's failure to file and serve a notice of rejection of the arbitration award and demand for a trial de novo within thirty days of the filing of the arbitration award, as required by Rule 4:21A-6(b)(1).  Plaintiff filed and served the notice on March 2, 2020, two days after the thirty-day period expired.

Because this appeal involves the interpretation of the court rules governing arbitration, our review is de novo.  Vanderslice v. Stewart, 220 N.J. 385, 389 (2015).  Applying this standard, we discern no reason to disturb the trial court's ruling.

We begin our analysis by reviewing the requirements imposed by statute and court rule and the case law interpreting those requirements.  The timing for challenges to an arbitration award is mandated by statute as well as court rule. See N.J.S.A. 2A:23A-26; N.J.S.A. 39:6A-31; R. 4:21A-6.

Rule 4:21A-6(b)(1) provides:

> Dismissal.  An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
>
> (1) within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule . . . .

A-0682-20

The purpose of Rule 4:21A-6(b)(1) "is to require a prompt demand for a trial de novo in cases subject to mandatory arbitration[.]" Corcoran v. St. Peter's Med. Ctr., 339 N.J. Super. 337, 344 (App. Div. 2001). The rule imposes "a short deadline for filing" a demand for trial de novo to "ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration." Vanderslice, 220 N.J. at 392 (alteration in original) (quoting Nascimento v. King, 381 N.J. Super. 593, 597 (App. Div. 2005)). The Legislature intended the deadline "to be strictly enforced." Hartsfield v. Fantini, 149 N.J. 611, 616 (1997) (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)). Thus, our courts have cautioned that when a timely demand for a trial de novo has not been filed, "the court's power to extend the time frame 'must be sparingly exercised with a view to implementing both the letter and the spirit of the compulsory arbitration statute and the rules promulgated pursuant thereto, to the end that the arbitration proceedings achieve finality.'" Martinelli v. Farm-Rite, Inc., 345 N.J. Super. 306, 310 (App. Div. 2001) (quoting Mazakas v. Wray, 205 N.J. Super. 367, 372 (App. Div. 1985)).

Although courts "possess the power to enlarge" the thirty-day period to file a demand for a trial de novo, "such power should be exercised only in extraordinary circumstances." Mazakas, 205 N.J. Super. at 371. The

13                                                                                      A-0682-20

circumstances must not arise from "mere carelessness" or "lack of proper diligence." Martinelli, 345 N.J. Super. at 310 (quoting Hartsfield, 149 N.J. at 618).

To determine if exceptional circumstances are present, the court conducts "a fact-sensitive analysis in each case." Hartsfield, 149 N.J. at 618. The attorney must prove that circumstances for missing the filing deadline were "exceptional and compelling." Id. at 619 (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)). In Hartsfield, the Court held that an attorney's failure to check his calendar and supervise his secretary did not constitute the exceptional circumstances necessary to satisfy extending the thirty-day time limit, even though two of his associates, who handled over 1,000 cases for the firm, resigned. Id. at 614, 619-20; see also Sprowl v. Kitselman, 267 N.J. Super. 602, 609 (App. Div. 1993) (explaining that "[f]ailure to supervise one's secretary does not ordinarily present such 'extraordinary circumstances' as will permit an attorney to make a late demand for a trial de novo"). Similarly, "the excuse of an attorney being too busy or of having too heavy a work load to properly handle litigation or to supervise staff must be rejected as insufficient to constitute extraordinary circumstances." Hart, 280 N.J. Super. at 149.

A-0682-20

Here, neither plaintiff nor his then counsel asserted any circumstances for failing to file a timely demand for a trial de novo, much less any circumstances that were exceptional and compelling. Mere inadvertence, carelessness, or failure to supervise staff does not excuse the failure to meet the deadline or provide a basis to enlarge the thirty-day filing period.

We first note that the thirty-day filing period has been in place for decades. See Hartsfield, 149 N.J. at 620 ("[T]he arbitration program has been well-established for several years, and attorneys are well-aware of the thirty-day rule."). Plaintiff's counsel participated in the arbitration. The Report and Award of Arbitrator form, which was uploaded on eCourts on the day of the arbitration, reminded counsel of the requirement to file a timely demand for trial de novo and the consequences of failure to do so. Plaintiff's counsel does not claim he was unaware of this requirement.

Here, there was no attempt to file the demand for trial de novo within thirty days, much less substantial compliance. Plaintiff only moved for leave to file a demand for trial de novo out-of-time after being served with the motion to strike his demand for a trial de novo. Filing a timely demand for a trial de novo is not an arduous or time-consuming task.

A-0682-20

Applying the strictly enforced thirty-day deadline to file a demand for trial de novo and mandatory dismissal of an action absent a showing of extraordinary circumstances, we affirm the dismissal of plaintiff's action with prejudice.

We next address the denial of plaintiff's motion for reconsideration as it relates to the dismissal under Rule 4:21A-6(b)(1). We review a trial court's denial of a motion for reconsideration for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)).

A motion for reconsideration "is primarily an opportunity to seek to convince the court that either 1) it has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Kornbleuth, 241 N.J. at 301 (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)). Motions for reconsideration "seek review of an order based on the evidence before the court on the initial motion, [they do] not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (alteration in original) (quoting Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)). Appellate courts will

16

not reverse a trial court's decision to grant or deny a motion for reconsideration absent a "clear abuse of discretion." Kornbleuth, 241 N.J. at 301 (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

Abuse of discretion exists where "a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. at 302 (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)) (internal quotation marks omitted). "[T]he magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Triffin, 466 N.J. Super. at 466-67 (quoting Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010)).

Rule 4:49-2 dictates that a motion for reconsideration "be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it." Similarly, the rule requires the motion "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred." Ibid. Unrepresented litigants have the same obligations to follow court rules and deadlines as litigants represented by attorneys. See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014) ("[P]ro se litigants are not entitled to greater rights that litigants represented by counsel.").

17

Here, all three dispositive orders dismissing plaintiff's claims with prejudice were entered on June 25, 2020. Plaintiff was required to file his motion for reconsideration within twenty days of the service of the orders. Plaintiff did not file his motion until August 5, 2020, well after the twenty-day period ended. Accordingly, the motion was untimely.

Substantively, plaintiff failed to state with specificity what the trial court overlooked or how it erred. When asked by the court what he would have argued had he appeared at oral argument on June 25, he attempted to present new evidence of a photograph of the substance that he slipped on, evidence which had never previously been disclosed in discovery or the prior motion practice.

For these reasons, we discern no abuse of discretion. Reconsideration was properly denied.

Because this matter was properly dismissed pursuant to Rule 4:21A-6(b)(1), we do not reach plaintiff's argument that the trial court erred by granting defendants summary judgment and by denying reconsideration of the summary judgment awarded to defendants.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18

A-0682-20