**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0137-22

SAMMERAH TUTT,

    Plaintiff-Respondent,

v.

PARKER 149 LLC,

    Defendant-Appellant.

_____

Submitted November 14, 2023 – Decided December 5, 2023

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0059-21.

Lewis Brisbois Bisgaard & Smith, LLP, attorneys for appellant (Colin P. Hackett, of counsel and on the briefs).

John J. Pisano, attorney for respondent.

PER CURIAM

Defendant Parker 149, LLC, appeals from an August 8, 2022 Law Division order confirming an arbitration award and denying as untimely its

request for a trial de novo. Because we conclude <u>Rules</u> 4:21A-5 and -6(b)(1) must be read together such that the thirty-day period in which a party must demand a trial de novo commences only when the court provides a copy of the award to the parties, we reverse and remand.

I.

While a tenant in a Newark residence owned by defendant, plaintiff alleges she slipped and fell on ice or snow, causing her "severe and permanent injuries." She subsequently filed a complaint asserting defendant was negligent in failing to remove the ice and snow, to warn plaintiff of the dangerous condition, or to "exercise that degree of care and caution required to keep the . . . premises in a safe condition." In its answer, defendant denied liability and asserted various defenses.

Both parties participated in non-binding arbitration by phone on June 14, 2022, as required by <u>Rule</u> 4:21A-1.[1] The arbitrator found plaintiff twenty-five percent liable and defendant seventy-five percent liable and, based on gross damages of $50,000, awarded plaintiff $37,500. Both parties' counsel "authorized the arbitrator to sign [thei]r names to the report of the arbitration

---

[1] <u>Rule</u> 4:21A-1(a)(2) provides in relevant part, "all actions for personal injury not arising out of the operation, ownership, maintenance or use of an automobile shall be submitted to arbitration in accordance with these rules."

award," which was filed with the court the same day, June 14, 2022. Defendant's counsel received an email from the eCourts system the next morning, June 15, 2022, advising all parties the award had been filed the previous day. Consistent with that email, the case summary from eCourts reflects a "filed date" of June 14, 2022 and an "entry date" of June 15, 2022.

Defendant moved for a trial de novo pursuant to Rule 4:21A-6 on July 15, 2022.[2] Initially, the Law Division clerk refused to accept defendant's trial de novo demand, deeming it untimely because the thirty-day period set forth in the Rule expired the day before, on July 14, 2022. Defendant then filed, the same day, another motion requesting its demand for a trial de novo be processed. In response, plaintiff moved to confirm the arbitration award.

The court heard oral arguments on both plaintiff's and defendant's motions. Defendant noted it did not receive the filed arbitration award from the eCourts system until June 15, 2022, and therefore, under America's Pride Construction v. Farry, 175 N.J. 60 (2002), in which the Supreme Court held "the time periods set out in Rule 4:21A-6(b) do not begin to run until the arbitrator

---

[2] Rule 4:21A-6(b)(1) states "[a]n order shall be entered dismissing the action following the filing of the arbitrator's award unless: (1) within [thirty] days after filing of the arbitration award, a party thereto files . . . and serves on all other parties a notice of rejection of the award and demand for a trial de novo . . . ."

has filed the written award with the [court] and the parties," id. at 65, it argued the thirty-day period for requesting a trial de novo did not commence until it received notice of the award on June 15, 2022. Defendant also relied on Farrell v. TCI of North N.J., 378 N.J. Super. 341 (App. Div. 2005), in which we referred to America's Pride when interpreting the one-year period applicable to a motion seeking relief from judgment under Rule 4:50-1(a), id. at 346, 348-51.

On August 8, 2022, the court issued a written order granting plaintiff's application and denying defendant's. The court found defendant's request for a trial de novo, filed on July 15, 2022, was "one-day out of time" because the current version of "[Rule] 4:21A-6(b) eliminate[d] the mailing or notice requirement and [required] the trial de novo request . . . be made 'within [thirty] days after the filing of the arbitration award.'" The arbitration award here, the court noted, was "docketed on eCourts on June 14, 2022."

In a rider to its written order, the court determined the Court's holding in America's Pride was abrogated by the change to Rule 4:21A-5(a) and, in support, relied on SWH Funding Corp. v. Walden Printing Co., 399 N.J. Super. 1 (App. Div. 2008), in which we found the amendment of Rules 4:21A-4 and -5 "signaled the Court's clear intention to depart from the scenario addressed in America's Pride," id. at 17. Therefore, it concluded, defendant's reliance on America's

4

Pride, 175 N.J. at 65, and Farrell, 378 N.J. Super. at 348-51, was misplaced as each relied upon language in Rule 4:21A-5(a), which was later modified and thus inapplicable to the facts before the court.

Finally, the court determined there were no extraordinary circumstances warranting a tolling of the thirty-day period, as required under Hartsfield v. Fantini, 149 N.J. 611, 618 (1997) (holding "courts must determine that 'extraordinary circumstances' exist [to relax the thirty-day rule in Rule 4:21A-6(b)] and that those circumstances did not arise from an attorney's 'mere carelessness' or 'lack of proper diligence.'" (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967))).  The court also found Rule 1:1-2, which permits relaxation of other rules, was not applicable here as it "was not meant as a 'cure-all' . . . [and] should be sparingly resorted to," the court added, citing Romagnola v. Gillespie, Inc., 194 N.J. 596, 606 (2008) and Robertelli v. Office of Attorney Ethics, 224 N.J. 470, 483 (2016).  This appeal followed.

II.

Before us, defendant argues the court erred in denying its request for a trial de novo.  In support, it reprises its argument the thirty-day period under Rule 4:21A-6 should not have commenced until the court provided it with a copy

of the arbitration award, on June 15, 2022. Accordingly, it asserts its request filed on July 15, 2022 was timely.

Defendant again relies on America's Pride as well as an unpublished opinion from our court, to support its position the thirty-day period in the Rule does not commence "until the court provides the parties a copy of the award." Defendant stresses neither we, nor our Supreme Court, have deemed America's Pride "no longer good law," contrary to the court's determination. Further, it contends strictly construing the time period to begin upon filing is illogical, because it would unreasonably shorten the time period if the award were filed but not served on the parties until days or weeks later. Finally, defendant asserts Rule 1:1-2, which informs that our Rules "shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay," fully supports its argument the court erred in interpreting Rule 4:21A-6.

In requesting we affirm, plaintiff notes defendant's demand for a trial de novo was not filed until thirty-one days after the arbitration award was filed on June 14, 2022, and therefore, the demand was untimely under the clear language

6

of N.J.S.A. 2A:23A-26[3] and its implementing rule, <u>Rule</u> 4:21A-6(b)(1). Plaintiff asserts the "plain and unambiguous terms of <u>Rule</u> 4:21A-6(b)(1) and N.J.S.A. 2A:23A-26 provide a limitations period for the filing of a demand for a trial de novo that is thirty . . . days from the 'filing' of the arbitration award." In contrast, she argues, the language used in other <u>Rules</u> clearly states when a limitations period is calculated according to the date of notice or service.

As an example, plaintiff points to <u>Rules</u> 2:4-1(b), permitting appeals from administrative agencies within forty-five days "from the date of service of the decision"; 2:5-6(a), providing a motion seeking leave to appeal an interlocutory order shall be made within twenty days "after the date of service of such order"; and 4:49-2, requiring motions to reconsider or amend final judgments be made within twenty days "after service of the judgment or order upon all parties." Thus, plaintiff concludes, the language of <u>Rule</u> 4:21A-6 demonstrates the thirty-day period was intended to begin "to run upon the filing of the arbitration award" and not upon service. We disagree with all these arguments.

---

[3] N.J.S.A. 2A:23A-26 provides "[t]he court shall, upon motion of any of the parties, confirm the arbitration decision . . . unless one of the parties petitions the court within [thirty] days of the filing of the arbitration decision for a trial de novo . . . ."

We first identify the standard of review governing our analysis. An interpretation of court <u>Rules</u> governing mandatory arbitration involves a question of law which is reviewed de novo. <u>Vanderslice v. Stewart</u>, 220 N.J. 385, 389 (2015). Under this standard, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." <u>Rowe v. Bell & Gossett Co.</u>, 239 N.J. 531, 552 (2019) (alteration in original) (quoting <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)).

We apply "ordinary principles of statutory construction" when interpreting court rules. <u>State v. Robinson</u>, 229 N.J. 44, 66 (2017). "We look first to the plain language of the <u>Rules</u> and give the words their ordinary meaning." <u>Robertelli</u>, 224 N.J. at 484. Additionally, we must read the language used "in context with related provisions so as to give sense to the [court <u>Rules</u>] as a whole." <u>Ibid.</u> (alteration in original) (quoting <u>Wiese v. Dedhia</u>, 188 N.J. 587, 592 (2006)). "If a . . . rule is ambiguous, courts may ascertain the intent of the drafters by looking to extrinsic sources such as the . . . rule's underlying purpose and history." <u>First Resol. Inv. Corp. v. Seker</u>, 171 N.J. 502, 512 (2002).

As our Supreme Court noted, "[t]he general intent of [a] statute [or <u>Rule</u>] controls the interpretation of its component parts." <u>Ibid.</u> (alterations in original)

8

(quoting Nat'l Waste Recycling, Inc. v. Middlesex Cnty. Improvement Auth., 150 N.J. 209, 223 (1997)). "If . . . a literal interpretation of a provision would lead to an absurd result or would be inconsistent with the [Rule]'s overall purpose, 'that interpretation should be rejected' and 'the spirit of the [Rule] should control.'" Pfannenstein v. Surrey, 475 N.J. Super. 83, 95 (App. Div. 2023) (quoting Hubbard v. Reed, 168 N.J. 387, 392-93 (2001)).

With these principles in mind, we turn to the statutes and Rules at issue. The Alternative Procedure for Dispute Resolution Act, N.J.S.A. 2A:23A-1 through -30, was enacted "'to provide a speedier and less expensive process for resolution of disputes than traditional civil litigation' . . . [and] to provide 'a formal method of resolving disputes with predictable rules, procedures, and results.'" N.J. Mfrs. Ins. Co. v. Specialty Surgical Ctr. of New Brunswick, 458 N.J. Super. 63, 69 (App. Div. 2019) (quoting Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project, L.P., 154 N.J. 141, 145 (1998)).

Both N.J.S.A. 2A:23A-26 and Rule 4:21A-6(b)(1) fix the deadline to demand a trial de novo as within thirty days of the filing of the arbitration award. "Rule 4:21A-6(b)(1) 'set[s] a short deadline for filing a [trial] de novo demand' to 'ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration.'" Vanderslice, 220 N.J. at 392 (alterations in original)

9

(quoting Nascimento v. King, 381 N.J. Super. 593, 597 (App. Div. 2005)). The thirty-day period is "intended . . . to be strictly enforced" and may be extended by the court only upon a showing of "extraordinary circumstances." Hartsfield, 149 N.J. at 616-17 (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)). This policy "furthers the stated aims of the compulsory arbitration program, which is to bring about inexpensive, speedy adjudications of disputes and to ease the caseload of state courts." Id. at 619 (quoting Behm v. Ferreira, 286 N.J. Super. 566, 574 (App. Div. 1996)).

First, we are not persuaded by the court's conclusion America's Pride has effectively been abrogated by changes to Rule 4:21A-5(a). The issue in America's Pride was "whether the arbitrator's failure to provide the [defendants] with a copy of the arbitration award as prescribed by Rule 4:21A-5(a) is a sufficient basis to toll the filing deadlines set forth in Rule 4:21A-6(b)." 175 N.J. at 63. Under the version of Rule 4:21A-5(a) in effect at the time, the arbitrator was required to "mail a copy [of the award] to each of the parties." Id. at 64. The Court concluded, "[r]eading Rules 4:21A-5(a) and -6(b) together, . . . the time periods set out in Rule 4:21A-6(b) do not begin to run until the arbitrator has filed the written award with the civil division manager and the parties." Ibid. (emphasis added). It explained its "interpretation of the mailing requirement

10

under Rule 4:21A-5(a) is consonant with other [c]ourt Rules that condition a filing deadline on the receipt of notice that a judgment, order, or decision has been entered against a party." Ibid.

Rule 4:21A-5(a) was altered as part of the Best Practices Rule amendments in 2000, replacing the word "mail" with "provide" and shifting responsibility for providing a copy of the award from the arbitrator to the court. Contrary to the court's interpretation, this change did not remove the principle upon which America's Pride grounded its decision, but merely modified the manner by which any award is transmitted to the parties. Instead of the arbitrator providing a copy of the award, the court is now obligated to do so. R. 4:21A-5.[4]

In essence, we fundamentally disagree with plaintiff's interpretation of Rules 4:21A-5 and -6 as well as the court's conclusion that from the minor change in the Rule, the holding in America's Pride was abrogated. As noted, the Court's holding was not dependent on the arbitrator serving the award, but rather the underlying "purpose of a notice requirement . . . to apprise a party of some

---

[4] We note our conclusion is supported by the March 1, 2000 Supplemental Report of the Supreme Court Committee on Civil Practice recommending the change to Rule 4:21A-5(a) which characterized it as merely a "housekeeping amendment." 2000 Sup. Ct. Civ. Prac. Comm. Suppl. Rep. § I(A), at 5.

fact that he or she has a right to know and that the communicating party has a duty to communicate." America's Pride, 175 N.J. at 63-64. That principle survives the housekeeping amendment to Rule 4:21A-5. Although we acknowledge in America's Pride, one of the parties failed to appear for the arbitration, contrary to the circumstances here, we find the Court's interpretation of Rules 4:21A-5 and -6 equally applicable to the facts before us we discuss at pp. 13-16, infra.

We also find the court's reliance on SWH Funding to be misplaced. That case involved an order denying a motion to vacate an arbitration award entered by default under Rule 4:21A-4(f). 399 N.J. Super. at 17. Paragraph (f), added in 2000, provides, in part:

> If a party defending against a claim of damages does not appear, that party's pleading shall be stricken, the arbitration shall proceed and the non-appearing party shall be deemed to have waived the right to demand a trial de novo . . . . Relief from any order entered pursuant to this rule shall be granted only on motion showing good cause . . . .
>
> [R. 4:21A-4(f).]

In SWH Funding, we noted the modifications to Rules 4:21A-4 and 4:21A-5 "denied the non-appearing party the right to file for a trial de novo." 399 N.J. Super. at 17. The primary issue in SWH Funding was whether

12

defendant's failure to appear at the arbitration hearing constituted "good cause" to grant relief from an arbitration award entered by default under Rule 4:21A-4(f). Ibid. In America's Pride, defendants also failed to appear at the arbitration hearing, 175 N.J. at 62, but were permitted to move for a trial de novo because Rule 4:21A-4(f) had not yet been enacted. This is the "scenario addressed in America's Pride" from which SWH Funding found the amendment of Rules 4:21A-4 and -5 "signaled the Court's clear intention to depart." 399 N.J. Super. at 17. Indeed, SWH Funding did not consider Rule 4:21A-6 at all, aside from noting that its thirty-day requirement did not apply to a motion seeking relief under Rule 4:21A-4(f). Id. at 11.

We are also unpersuaded by plaintiff's arguments comparing Rule 4:21A-6 to Rules 2:4-1(b), 2:5-6(a), and 4:49-2. While we agree each of these references the applicable time period by the date of service or notice, and not the date of filing, we cannot separate Rule 4:21A-6 from its context. As the Court advised in America's Pride, that Rule must be read together with Rule 4:21A-5 and thus, it follows the time periods set forth in Rule 4:21A-6(b) do not begin to run until the parties receive a copy of the arbitration award from the court. 175 N.J. at 64. In fact, the Court referred specifically to Rules 2:4-1(b) and 4:49-2 in utilizing the mailing requirement in Rule 4:21A-5 to inform the

thirty-day period in Rule 4:21A-6(b), finding its interpretation "consonant with other [c]ourt Rules that condition a filing deadline on the receipt of notice that a judgment, order, or decision has been entered against a party." Id. at 64. As noted, we are obligated to read the Rules "in context with related provisions so as to give sense to the [court rules] as a whole," Robertelli, 224 N.J. at 484 (alteration in original) (quoting Wiese, 188 N.J. at 592), and to avoid "absurd" results and inconsistency with the Rule's overall purpose, Pfannenstein, 475 N.J. Super. at 95.

Further, nothing in our decision or interpretation of Rule 4:21A-6(b) or N.J.S.A. 2A:23A-26 is inconsistent with their purpose, "to provide 'a formal method of resolving disputes with predictable rules, procedures, and results,'" N.J. Mfrs. Ins. Co., 458 N.J. Super. at 69 (quoting Mt. Hope Dev. Assocs., 154 N.J. at 145), and to "ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration," Vanderslice, 220 N.J. at 392 (alteration in original) (quoting Nascimento, 381 N.J. Super. at 597). Particularly where, as here, the parties attended arbitration by phone and did not receive a copy of the written arbitration award before it was filed, it would be unfair to start the thirty-day clock before the parties had an opportunity to review the award. Although the parties do not dispute the arbitrator stated his decision the day of

the hearing, it is not inconceivable a written award could diverge from an oral decision, whether accidentally or otherwise.

Therefore, for the reasons detailed, we agree with defendant that the thirty-day period within which it could seek a trial de novo began on June 15, 2022, when it received a copy of the arbitrator's award from the court, and its July 15, 2022 filing was therefore timely. Because we determine the filing was timely, we need not, and do not, reach the issue of whether defendant has demonstrated extraordinary circumstances to extend the thirty-day period under Hartsfield, 149 N.J. at 618.

In reaching our decision, we acknowledge defendant was aware of the arbitrator's award on June 14, 2022, when the arbitrator made an oral decision and the parties consented to the arbitrator placing their signatures on the award.[5] We are nevertheless satisfied these facts do not warrant deviation from the principles we have discussed, as our interpretation of the Rules confirms a party seeking a trial de novo should base their decision on the actual award filed with

---

[5] Although the award includes a provision advising "[p]arties desiring to reject this award and obtain a trial de novo must file with the division manager a trial de novo request . . . within thirty (30) days of today" and "unless otherwise expressly indicated this award will be filed today," it is undisputed the arbitrator did not provide a copy of the award directly to the parties on June 14, 2022.

the court, not an arbitrator's oral representations prior to filing the written award. As noted, a variety of circumstances could lead to differences between the two.

Further, our decision ensures the applicable time period is no less than thirty days, even when there is a delay between an arbitrator's filing and the court's provision of the award, as a contrary interpretation would unfairly truncate the brief period to demand a trial de novo. For example, if we were to adopt plaintiff's interpretation, a party that did not receive a copy of an award from the court until twenty-nine days after its filing would have only one day to review the written award for accuracy and demand a trial de novo. We find such an interpretation contrary to America's Pride, Rules 4:21A-5 and -6, and inconsistent with the "fairness in administration" our Rules are intended to secure. R. 1:1-2.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION