**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1291-24

EDWIN HERNANDEZ,

      Plaintiff-Respondent,

v.

ABIODUN T. OLANIWUN,

      Defendant-Appellant,

and

NEW JERSEY
PROPERTY LIABILITY
INSURANCE GUARANTY
ASSOCIATION, a/k/a
NJPLIGA,

      Defendant-Respondent.

_____

Argued May 13, 2026 – Decided June 5, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4691-22.

Abiodun T. Olaniwun, appellant, argued the cause on appellant's behalf.

Jean-Claude Labady argued the cause for respondent Edwin Hernandez (Jeffrey S. Hasson, PC, attorneys; Jean-Claude Labady, on the brief).

John Burke argued the cause for respondent NJPLIGA (Burke & Potenza, PA, attorneys; John Burke, of counsel and on the brief).

PER CURIAM

Defendant Abiodun T. Olaniwun appeals from the October 25, 2024 order confirming two mandatory arbitration awards against him, in actions stemming from a hit-and-run accident in which a vehicle owned by Olaniwun is alleged to have struck plaintiff Edwin Hernandez, a pedestrian walking through a crosswalk. Following consolidation of the personal injury action and a personal injury protection (PIP) subrogation action, the matters proceeded to mandatory non-binding arbitration. Olaniwun neither appeared at the arbitration nor filed a timely demand for trial de novo.

After careful review, we affirm. Olaniwun received proper notice of the arbitration, and the arbitration awards, in conformance with Rule 4:21A-5, and failed to file a demand for trial de novo within thirty days as required by Rule 4:21A-6(b)(1). He has not established the extraordinary circumstances necessary to excuse that failure.

2

I.

On January 11, 2021, Hernandez was crossing Monroe Street, using a crosswalk, in the City of Passaic when he was allegedly struck by a vehicle owned by defendant Olaniwun and operated by Olajide Oyegbami, who then fled the scene of the accident. The police report identified the incident as a hit-and-run, attributed fault to the vehicle for striking the pedestrian, and cited failures to report the accident and to remain at the scene.

Hernandez was evaluated by emergency medical services at the scene and subsequently received medical treatment for injuries to his cervical and lumbar spine. The New Jersey Property-Liability Insurance Guaranty Association (NJPLIGA) paid medical expenses and PIP benefits to Hernandez for injuries sustained in the accident.

Hernandez filed a complaint against Olaniwun and NJPLIGA, alleging negligence and seeking damages for permanent injuries. NJPLIGA filed a separate complaint for PIP subrogation against Olaniwun, seeking reimbursement of PIP benefits paid to Hernandez pursuant to N.J.S.A. 39:6A-9.1. Olaniwun filed an answer and counterclaim, alleging Hernandez had caused property damage to his vehicle. The court granted NJPLIGA's motion to consolidate the matters.

3

On July 24, 2024, the consolidated matters were heard in mandatory, non-binding arbitration. Multiple notices of the arbitration, including the date, time, arbitrator's contact information, instructions for remote participation, and instructions to request adjournments were sent to the parties at their registered email addresses and by mail in the weeks preceding the hearing.[1] Hernandez and NJPLIGA submitted arbitration statements and appeared at the arbitration; Olaniwun did not submit a statement or appear.

The arbitrator found Olaniwun 100% liable for the accident and awarded Hernandez $45,000 in damages. On the consolidated PIP subrogation claim, the arbitrator entered an award of $12,639.57 in favor of NJPLIGA against Olaniwun. The arbitration awards were posted to eCourts on July 24, 2024, and sent to the parties by email and regular mail. Olaniwun did not file a demand for trial de novo within thirty days of the filing of the arbitration awards. R. 4:21A-6(b)(1).

On August 28 and 29, 2024, Hernandez and NJPLIGA filed motions to confirm their respective arbitration awards. Olaniwun filed opposition to both

---

[1] Specifically, electronic notices of the scheduled arbitration were transmitted through eCourts to all parties, including directly to Olaniwun at the same email address he had used throughout the litigation to file his own pleadings.

motions, asserting, among other things, that he was unable to participate in the arbitration hearing due to suffering from sciatica.

The trial court entered orders confirming the arbitration awards and dismissing Olaniwun's counterclaim with prejudice. The court reasoned Olaniwun failed to provide a valid reason pursuant to the rules of court to excuse his failure to timely file a notice for trial de novo. This appeal followed.

## II.

Our review of an order confirming an arbitration award is de novo, as it involves the interpretation of Rules 4:21A-5 and 4:21A-6. See Meehan v. Antonellis, 226 N.J. 216, 230 (2016) (appellate courts interpret statutes and court rules de novo). In reviewing an arbitration decision, "we must be mindful of New Jersey's 'strong preference for judicial confirmation of arbitration awards.'" Sanjuan v. Sch. Dist. of W. N.Y., 256 N.J. 369, 381 (2024) (quoting Middletown Twp. PBA Loc. 124 v. Twp. of Middletown, 193 N.J. 1, 10 (2007)).

Rule 4:21A-5 provides:

> No later than ten days after the completion of the arbitration hearing, the arbitrator shall file the written award with the civil division manager. The court shall upload the award into the court's electronic filing system, at which time it shall be deemed filed and provided to all parties. The award shall include a notice of the right to request a trial de novo and the

consequences of such a request as provided by R. 4:21A-6.1.

Pursuant to Rule 4:21A-6(b)(1), a party may obtain a trial de novo if, "within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee." Following a timely trial de novo demand, the action is returned to the trial calendar. R. 4:21A-6(c). The express language of this rule provides both filing and service of the demand must be accomplished within thirty days of the entry of an arbitration award. Ibid.

The deadline established in Rule 4:21A-6(b)(1) for filing a de novo demand is designed to "ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration." Vanderslice v. Stewart, 220 N.J. 385, 392 (2015) (alteration in original) (quoting Nascimento v. King, 381 N.J. Super. 593, 597 (App. Div. 2005)). "The Legislature intended [that rule] . . . to be strictly enforced." Hartsfield v. Fantini, 149 N.J. 611, 616 (1997) (alteration and omission in original) (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)).

The thirty-day filing requirement may be relaxed pursuant to Rule 4:21A-6(b)(1) only upon a showing of "extraordinary circumstances." Hartsfield, 149

6

N.J. at 618. "That determination is fact sensitive and should be made on a case-by-case basis." Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 609 (1997). To qualify as "extraordinary," the situation must be something "unusual or remarkable," or "having little or no precedent and usually totally unexpected." Martinelli v. Farm-Rite, Inc., 345 N.J. Super. 306, 311 (App. Div. 2001) (citations omitted). However, extraordinary circumstances will "not arise from an attorney's 'mere carelessness' and 'lack of proper diligence.'" Id. at 310 (quoting Hartsfield, 149 N.J. at 618).

Olaniwun does not dispute he received notification of the arbitration hearing. In fact, the record reflects he elected not to participate in arbitration, instead deciding to "exempt" himself. On appeal, he argues there is "no clause in the lawsuit claim that [required him] to partake in the arbitration conference." However, the court ordered mandatory, non-binding arbitration pursuant to Rule 4:21A-1(a)(1), which mandates arbitration in all automobile negligence actions. The obligation to arbitrate arose by operation of court rule, and no arbitration clause was required in any pleading. The notice to arbitrate states the arbitration is "mandatory" and sets forth a process for making adjournment requests. Despite Olaniwun's subsequent claim that he was suffering from sciatica, he concedes he never made an adjournment request.

A-1291-24

Olaniwun's primary contention on appeal is that the "arbitration award certificate" was never served upon him, depriving him of notice, and preventing him from filing a timely demand for a trial de novo. This contention is belied by the record, which demonstrates notice was uploaded to eCourts on July 24, 2024, and notification emails were sent to all parties, including Olaniwun. Indeed, Hernandez and NJPLIGA produced the notification email and a log of eCourts notifications, both of which confirm the awards were posted on July 24. The emails sent to Olaniwun were sent to the same email address he had been using throughout the litigation to upload his pleadings, including his counterclaim. Therefore, notice of the arbitration award was provided in conformance with Rule 4:21A-5.

The record is also entirely devoid of any basis to conclude there were "extraordinary circumstances" preventing Olaniwun from demanding a trial de novo. Although Olaniwun stated he could not attend the hearing because of sciatica, his own account establishes he was aware of the scheduled hearing and offers no explanation for why he did not seek an adjournment.

The arbitration awards contained language explaining how to demand a trial de novo:

> Parties desiring reject this award and obtain a trial de novo must file with the division manager a trial de novo

request together with a $200 fee within thirty (30) days of today. Parties requesting a trial de novo may be subject to payment of counsel fees and costs as provided by R. 4:21A-6(c).

To the extent we have not addressed Olaniwun's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1291-24