SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

## Joseph Vanderslice v. Harold Stewart (A-58-13) (073362)

**Argued November 10, 2014 -- Decided January 29, 2015**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers the impact of a court clerk's failure to notify a party that the form of payment filed with a notice rejecting an arbitration award and demanding a trial de novo (demand) was nonconforming pursuant to Rule 1:5-6(c)(1)(A).

Harold Stewart, a sergeant in Camden County's Fire Police Department, was involved in a motor vehicle accident with plaintiff Joseph Vanderslice while operating a Camden County vehicle.  Plaintiff filed a complaint against Camden County, the Camden County Fire Police Department, and Stewart (defendants), alleging personal injuries sustained as a result of the accident.  The case was referred to mandatory, non-binding arbitration, as required by New Jersey's court rules.

On January 18, 2012, an arbitration panel determined that defendants were 100% liable for plaintiff's injuries, and awarded $145,970 for noneconomic damages and lost wages.  The next day, defendants submitted the required demand forms to the Camden County Arbitration Administrator, an employee in the Superior Court's Civil Division who manages arbitration proceedings on behalf of the county clerk.  Attached to defendants' demand was a payment voucher, which gave the recipient the right to draw upon Camden County's account with the State Treasury.  The Arbitration Administrator signed the voucher and sent it to the State Treasurer for payment, and the Treasurer issued a check on February 17, exactly thirty days after the arbitration award was filed.

On February 19, thirty-two days after the award, the Arbitration Administrator received the check.  However, because the check was not received within thirty days of the arbitration award as required by Rule 4:21A-6(b)(1), the clerk did not file the demand or deposit the check.  Neither the clerk nor the Arbitration Administrator informed defendants of their nonconforming payment.  Rather, defendants were alerted to the issue when, on February 23, plaintiff moved to confirm the arbitration award and enter judgment.  Defendants opposed the motion and asked the trial court to permit a late filing.  Concluding that defendants had substantially complied with the court rules, the court permitted the late filing and rejected plaintiff's motion to confirm the award and enter judgment.  The case proceeded to trial and the jury returned a verdict of "no cause of action" in favor of defendants.

Plaintiff appealed, arguing that the trial court should not have permitted defendants' late filing, and that the arbitration award should have been confirmed and judgment entered for plaintiff.  In an unpublished decision, the Appellate Division determined that defendants' demand was filed too late, reversed the trial court, and remanded the matter for entry of an order confirming the arbitration award and entering judgment in plaintiff's favor.  The Court granted defendants' petition for certification.  217 N.J. 286 (2014).

**HELD:**  Defendants' demand was not filed out of time.  Thus, the Appellate Division's judgment is reversed and the jury's verdict is reinstated.  Because the Court finds that defendants' notice was timely, it does not reach the issue of the standard for expanding the thirty-day time limit under Rule 4:21A-6(b)(1).

1. This matter involves an interpretation of the court rules governing mandatory arbitration.  Rule 4:21A-1(a)(1) provides that "[a]ll tort actions arising out of the operation, ownership, maintenance or use of an automobile shall be submitted to arbitration[.]"  A dissatisfied party may have the arbitration panel's decision reviewed de novo by the Superior Court by filing the demand forms and a $200 check, "payable to the 'Treasurer, State of New Jersey,'" R. 4:21A-6(c), "within thirty days after filing of the arbitration award," R. 4:21A-6(b)(1).  (p. 6).

2. Documents in civil actions are deemed filed when the original is received by "the deputy clerk of the Superior Court in the county of venue." R. 1:5-6(b)(1). Once received, the clerk "may notify the person filing if such papers do not conform[.]" R. 1:5-6(c) (emphasis added). However, if the required filing fee is not paid, "the paper[s] shall be returned stamped 'Received but not Filed (date).'" R. 1:5-6(c)(1)(A) (emphasis added). This procedure affords notice to the party seeking a trial de novo that its form of payment has been deemed deficient. In those circumstances, Rule 1:5-6(c)(1) provides for both mandatory notice and a ten-day window during which the filing party may cure their error. (pp. 6-7)

3. It is clear that the court rules elevate a litigant's right to pursue a claim over the procedural bars resulting from technical filing defects. Indeed, the Court has held that the failure to include the required fee should not defeat a filing that was otherwise proper and within time. Similarly, the comment to Rule 1:5-6(c)(1) explains that technical defects should not serve to defeat an otherwise valid filing, but rather "the original filing date is protected if the fee which should have accompanied the filing is transmitted within 10 days." Pressler & Verniero, Current N.J. Court Rules, comment 3 on R. 1:5-6 at 72-73 (2015). Because it recognizes that technical defects should not serve to defeat an otherwise validly filed demand, the Court concludes that Rule 1:5-6(c)(1) is the correct frame of reference (p. 8)

4. In Flett Associates v. S.D. Catalano, Inc., 361 N.J. Super. 127, 129 (App. Div. 2003), the Appellate Division considered the effect of a delay in serving the opposing party with a demand for a trial de novo under Rule 4:21A-6(b)(1), which governs the filing deadlines and procedures following an arbitrator's award. The panel held correctly that, "a delay in satisfaction of the service requirement does not have the same deleterious effect upon efficient administration of the arbitration program as a failure to file the demand within time." Id. at 134. Rule 4:21A-6(b)(1) sets a short deadline for filing a trial de novo demand to ensure that the court will promptly schedule trials in cases that cannot be resolved by arbitration. This short deadline compounds the dangers of faulty filings because actions that are subject to mandatory arbitration will be dismissed administratively if a party does not move to dismiss or confirm the arbitration award within fifty days of its filing. R. 4:21A-6(b)(2),(3). Thus, in the context of a demand for trial de novo, the mandatory notice provisions of Rule 1:5-6(c)(1) are critical. (p. 9)

5. In this case, defendants submitted their demand one day after the arbitration panel made its decision. The Arbitration Administrator forwarded the voucher to the State Treasurer the following day. The clerk was then required by Rule 1:5-6(c)(1)(A) to notify defendants that the form of payment was nonconforming. Parties such as defendants whose filings are deficient are entitled to ten days from the date of the clerk's notice to bring the filing into conformity with the applicable rule. Because notice of defendants' deficient filing was never transmitted by the clerk, the ten-day period to cure never began to run. Defendants received actual notice of the deficiency on February 23, four days after the deficiency had been cured. By any measure, the conforming check was not received by the county clerk's office out of time. (pp. 9-10)

6. Because the Court determines that defendants' filing was timely, it does not analyze the additional question presented in this appeal: whether substantial compliance or extraordinary circumstances is the proper standard for the consideration of a motion to relax the thirty-day limit of Rule 4:21A-6(b)(1). (p. 10)

The judgment of the Appellate Division is **REVERSED,** the matter is **REMANDED** to the trial court for reinstatement of the judgment in favor of defendants.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.**

JOSEPH VANDERSLICE,

    Plaintiff-Respondent,

       v.

HAROLD STEWART, CAMDEN COUNTY
FIRE POLICE DEPARTMENT, and
CAMDEN COUNTY,

    Defendants-Appellants.

Argued November 10, 2014 – Decided January 29, 2015

On certification to the Superior Court, Appellate Division.

Howard L. Goldberg, First Assistant County Counsel, argued the cause for appellants (Sherri L. Schweitzer, Camden County Counsel, attorney; Mr. Goldberg, William H. Kenney, and Tara L. Humma, Assistants County Counsel, on the briefs).

Patricia B. Quelch argued the cause for respondent (Helmer, Conley & Kasselman, attorneys).

    JUSTICE SOLOMON delivered the opinion of the Court.

    In this case, we are asked to consider three issues: first, the impact of a court clerk's failure to notify a party that the form of payment filed with a notice rejecting an arbitration award and demanding a trial de novo (demand) was nonconforming pursuant to Rule 1:5-6(c)(1)(A); second, whether "extraordinary circumstances" is the appropriate standard for expanding the

thirty-day time limit to file a demand; and third, if so, whether the failure of the clerk to notify a filing party pursuant to Rule 1:5-6(c)(1)(A) satisfies that standard.

Because we hold that defendants' demand was not filed out of time, we reverse the Appellate Division's judgment and reinstate the jury's verdict. Therefore, we need not reach the issue of the standard for expanding the thirty-day time limit under Rule 4:21A-6(b)(1).

I.

The relevant facts are not in dispute. Harold Stewart, a sergeant in Camden County's Fire Police Department, while operating a Camden County vehicle, was involved in a motor vehicle accident with plaintiff Joseph Vanderslice. Plaintiff filed a complaint against Camden County, the Camden County Fire Police Department, and Stewart (defendants), alleging personal injuries sustained as a result of the accident. The case was referred to mandatory, non-binding arbitration, as required by our court rules.

On January 18, 2012, an arbitration panel determined that defendants were 100% liable for plaintiff's injuries, and awarded $145,970 for noneconomic damages and lost wages. The

next day, defendants submitted the required demand forms to the Camden County Arbitration Administrator.[1]

Attached to defendants' demand was a payment voucher -- a writing that gave the recipient the right to draw upon Camden County's account with the State Treasury.[2] The Arbitration Administrator signed the voucher and sent it to the State Treasurer for payment. The Treasurer issued a check on February 17, exactly thirty days after the arbitration award was filed. On February 19, thirty-two days after the award, the Arbitration Administrator received the check. However, because the Arbitration Administrator concluded that the check was not received within thirty days of the arbitration award as required by Rule 4:21A-6(b)(1), the clerk did not file the demand or deposit the check.

Although Rule 1:5-6(c)(1)(A) required the clerk to notify defendants of their error, neither the clerk nor the Arbitration Administrator informed defendants of their nonconforming

---

[1] The Arbitration Administrator, although an employee in the Superior Court's Civil Division and not the clerk's office, manages arbitration proceedings on behalf of the county clerk.

[2] Black's Law Dictionary defines voucher as "[a] written or printed authorization to disburse money." Black's Law Dictionary 766 (Bryan A. Garner ed., 3rd pocket ed. 2006). New Jersey's use of the term "voucher" is, in this context, consistent with that definition. See Franklin Tower One v. N.M., 157 N.J. 602, 608-09 & n.1 (1999) (explaining procedures by which private landlords receive compensation from state and federal governments under the Section 8 voucher program).

payment.  Rather, defendants were alerted that the demand had not been filed when, on February 23, plaintiff moved to confirm the arbitration award and enter judgment.  Defendants opposed the motion and asked the trial court to permit a late filing.  Concluding that defendants had substantially complied with the court rules, the court permitted the late filing and rejected plaintiff's motion to confirm the award and enter judgment.  The case proceeded to trial and the jury returned a verdict of "no cause of action" in favor of defendants.

Plaintiff appealed, arguing that the trial court should not have permitted defendants' late filing, and that the arbitration award should have been confirmed and judgment entered for plaintiff.  In an unpublished decision, the Appellate Division determined that defendants' demand was filed too late, reversed the trial court, and remanded the matter for entry of an order confirming the arbitration award and entering judgment in plaintiff's favor.  The appellate panel reasoned that defendants failed to show extraordinary circumstances justifying the late filing of their demand.  We granted defendants' petition for certification.  <u>Vanderslice v. Stewart</u>, 217 <u>N.J.</u> 286 (2014).

II.

Defendants contend before this Court that filing documents "encompasses a process and is not a single event."  They argue that process is governed in part by <u>Rule</u> 1:5-6(c)(1)(A), which

4

requires the clerk to provide written notice to a litigant who submitted a nonconforming filing fee.  In addition, defendants argue that the Appellate Division failed to recognize the obligations of the clerk, and that filing is a process involving multiple actors rather than a discrete event dependent on the actions of one party.

Defendants also assert that they substantially complied with the filing requirements.  They maintain that the issue here requires application of a court rule, not a statute; thus the appropriate standard is "substantial compliance" rather than "extraordinary circumstances."  Alternatively, defendants argue that "substantial compliance coupled with the lack of notice and an opportunity to cure constitutes an extraordinary circumstance."

Plaintiff counters that Rule 1:5-6(c)(3) requires rejection of a demand for trial de novo if it is not filed within thirty days of the arbitration award.  Plaintiff also contends that the county clerk is not required to provide a party whose filings are deficient an opportunity to cure.  Therefore, defendants' only recourse was to file a motion to relax the thirty-day time limitation for filing a demand under Rule 4:21A-6, which requires a showing of extraordinary circumstances.  Plaintiff also argues for application of the extraordinary circumstances standard set forth in Flagg v. Township of Hazlet, 321 N.J.

Super. 256, 260 (App. Div. 1999), which held that courts should find extraordinary circumstances only in unique situations. Plaintiff contends that a payment deficiency is too common to qualify as an extraordinary circumstance.

III.

Because this matter involves an interpretation of the court rules governing mandatory arbitration, which is a question of law, we undertake a de novo review. See State ex rel. A.B., 219 N.J. 542, 554-55 (2014). Our analysis begins with a review of those rules.

A.

Rule 4:21A-1(a)(1) provides that "[a]ll tort actions arising out of the operation, ownership, maintenance or use of an automobile shall be submitted to arbitration[.]" A dissatisfied party may have the arbitration panel's decision reviewed de novo by the Superior Court by filing the demand forms accompanied by "a check payable to the 'Treasurer, State of New Jersey' in the amount of $200," R. 4:21A-6(c), "within thirty days after filing of the arbitration award," R. 4:21A-6(b)(1).

Under Rule 1:5-6(b)(1), documents in civil actions are deemed filed when the original is received by "the deputy clerk of the Superior Court in the county of venue." Once received, the clerk "may notify the person filing if such papers do not

6

conform[.]" <u>R.</u> 1:5-6(c) (emphasis added).  However, if the required filing fee is not paid, "the paper[s] <u>shall</u> be returned stamped 'Received but not Filed (date).'" <u>R.</u> 1:5-6(c)(1)(A)[3] (emphasis added); <u>see</u> <u>Johnson v. Schragger, Lavine, Nagy & Krasny</u>, 340 <u>N.J. Super.</u> 84, 92 (App. Div. 2001).  This procedure affords notice to the party seeking a trial de novo that its form of payment has been deemed deficient.

<u>Rule</u> 1:5-6(c)(1) provides for both mandatory notice in those circumstances and a ten-day window during which the filing party may cure their error.

> If a paper is returned under this rule, it <u>shall</u> be accompanied by a notice advising that if the paper is retransmitted together with the required signature, document or fee, as appropriate, <u>within ten days after the date of the clerk's notice</u>, filing will be deemed to have been made on the stamped receipt date.
>
> [<u>R.</u> 1:5-6(c)(1) (emphasis added).]

Applying this rule, the Appellate Division in <u>Johnson</u>, <u>supra</u>, held that "if the required filing fee is not paid, the judgment or order must be returned by the Clerk to the proponent with a notation that it had been received, but not filed."  340 <u>N.J. Super.</u> at 92.

---

[3] In addition to the notice requirement for deficient filing fees, <u>Rule</u> 1:5-6(c)(1) requires the clerk to notify the filing party when filings fail to include a completed case information statement, required affidavits in Family Part cases, signatures, or a title search in certain actions.

It is clear that the above provisions of our court rules elevate a litigant's right to pursue a claim over the procedural bars resulting from technical filing defects.  Indeed, we have held that the failure to include the required fee should not defeat a filing that was otherwise proper and within time. Poetz v. Mix, 7 N.J. 436, 439-42 (1951) (deeming papers filed under prior court rules where filing fee was paid four days after filing deadline and the court clerk had not demanded fee payment before stamping papers "received and filed").

Similarly, the comment to Rule 1:5-6(c)(1) explains that technical defects should not serve to defeat an otherwise valid filing.  Pressler & Verniero, Current N.J. Court Rules, comment 3 on R. 1:5-6 at 72-73 (2015).  Referencing State v. One 1986 Subaru, 230 N.J. Super. 451, 458 (App. Div. 1989), aff'd in part, rev'd in part, 120 N.J. 310 (1990), a case involving a form of a promise to pay similar to a voucher, the comment states "the original filing date is protected if the fee which should have accompanied the filing is transmitted within 10 days."  Pressler & Verniero, supra, comment 3 on R. 1:5-6 at 72-73.[4]  Because it recognizes that technical defects should not serve to defeat an otherwise validly filed demand, we conclude that Rule 1:5-6(c)(1) is the correct frame of reference.

---

[4] We therefore reject plaintiff's argument that Rule 1:5-6(c)(3) sets forth the proper analytical framework.

In Flett Associates v. S.D. Catalano, Inc., 361 N.J. Super. 127, 129 (App. Div. 2003), the Appellate Division considered the effect of a delay in serving the opposing party with a demand for a trial de novo under Rule 4:21A-6(b)(1), which governs the filing deadlines and procedures following an arbitrator's award. The panel in Flett held correctly that, under the facts presented, "a delay in satisfaction of the service requirement does not have the same deleterious effect upon efficient administration of the arbitration program as a failure to file the demand within time." Id. at 134.

Rule 4:21A-6(b)(1) "set[s] a short deadline for filing a [trial] de novo demand" to "ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration." Nascimento v. King, 381 N.J. Super. 593, 597 (App. Div. 2005). This short deadline compounds the dangers of faulty filings because actions that are subject to mandatory arbitration will be administratively dismissed if a party does not move to dismiss or confirm the arbitration award within fifty days of its filing. R. 4:21A-6(b)(2),(3). Thus, in the context of a demand for trial de novo, the mandatory notice provisions of Rule 1:5-6(c)(1) are of paramount importance.

B.

As set forth above, defendants submitted their demand on January 19, 2012, one day after the arbitration panel made its

9

decision.  The Arbitration Administrator forwarded the voucher to the State Treasurer on January 20, 2012.  The clerk was then required by Rule 1:5-6(c)(1)(A) to notify defendants that the form of payment was nonconforming.

Parties such as defendants whose filings are deficient are entitled to ten days from the date of the clerk's notice to bring the filing into conformity with the applicable rule. Ibid.  Notice of defendants' deficient filing was never transmitted by the clerk and, therefore, the ten-day period to cure never began to run.[5]  Defendants received actual notice of the deficiency on February 23, four days after the deficiency had been cured, when plaintiff filed his motion to confirm the arbitration award.  By any measure, the conforming check was not received by the county clerk's office out of time.  Since this filing was not untimely, we need not analyze whether substantial compliance or extraordinary circumstances is the proper standard for the consideration of a motion to relax the thirty-day limit of Rule 4:21A-6(b)(1).

IV.

---

[5] This cure period cannot extend indefinitely, as Rule 4:21A-6(b)(2) and (3) operate to dismiss any complaint subject to the mandatory arbitration provisions of the court rules if the parties do not dismiss or confirm the award within fifty days of the arbitration panel's decision.

For the reasons set forth above, we reverse the judgment of the Appellate Division and remand the matter to the trial court for reinstatement of the judgment in favor of defendants.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.

SUPREME COURT OF NEW JERSEY

NO. ___A-58___ SEPTEMBER TERM 2013

ON CERTIFICATION TO _____Appellate Division, Superior Court_____


JOSEPH VANDERSLICE,

      Plaintiff-Respondent,

              v.

HAROLD STEWART, CAMDEN COUNTY
FIRE POLICE DEPARTMENT, and
CAMDEN COUNTY,

      Defendants-Appellants.


DECIDED _____January 29, 2015_____
Chief Justice Rabner    PRESIDING
OPINION BY _____Justice Solomon_____
CONCURRING/DISSENTING OPINIONS BY _____
DISSENTING OPINION BY _____

| CHECKLIST | REVERSE/ REMAND/ REINSTATE | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1