**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1688-22

JOSE DALUZ,

     Plaintiff-Respondent,

v.

HORACIO PEREIRA, and
HORATIO ASSOCIATES,
CORP.,

     Defendants-Appellants.

_____

          Submitted February 6, 2024 – Decided April 19, 2024

          Before Judges Gooden Brown, Natali, and Haas (Judge Natali, dissenting).

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5351-20.

          Norris McLaughlin, PA, attorneys for appellants (Melissa A. Peña and Mina Miawad, on the briefs).

          Ambrosio & Associates, attorneys for respondent (Elisa C. Ambrosio-Farias and François D. Prophete, on the brief).

PER CURIAM

Defendants Horacio Pereira and Horatio Associates Corp. appeal from a December 30, 2022, Law Division order confirming an April 12, 2022, arbitration award out of time and entering judgment in the amount of $100,000 in favor of plaintiff, Jose Daluz. We affirm.

We discern these facts from the record. Plaintiff filed a three-count complaint alleging that on November 11, 2018, Pereira attacked him with a "wooden object" and "struck or nearly . . . [struck]" plaintiff with a vehicle owned by Horatio Associates Corp., causing plaintiff to suffer serious injuries. In defendants' contesting answer and counterclaims, they countered that plaintiff "commit[ted] a burglary" on defendants' property in order to steal "items of value," and assaulted Pereira, who responded by defending himself. The case proceeded to mandatory, nonbinding arbitration during which both parties were represented by counsel. On April 12, 2022, the arbitrator found defendants 100% liable and awarded plaintiff $100,000.

The following day, April 13, 2022, defendants attempted to submit an electronic filing request for a de novo trial pursuant to N.J.S.A. 2A:23A-26 and Rule 4:21A-6(b)(1). N.J.S.A. 2A:23A-26 provides that "[t]he court shall, upon motion of any of the parties, confirm the arbitration decision . . . unless one of

the parties petitions the court within [thirty] days of the filing of the arbitration decision for a trial de novo." Rule 4:21A-6(b)(1) states that

> [a]n order shall be entered dismissing the action following the filing of the arbitrator's award unless: (1) within [thirty] days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee.

In the April 13, 2022, electronic filing request, instead of attaching a "notice of rejection of the award and demand for a trial de novo," as required by Rule 4:21A-6(b)(1), defendants mistakenly filed an adjournment request for an unrelated matter in a different county. The civil division manager's office compounded the error by indicating that a trial date would be scheduled shortly when they processed defendants' request on April 13, 2022.

On May 25, 2022, forty-three days after the arbitration award was entered, plaintiff submitted a letter to the court in an attempt to correct the error. Specifically, plaintiff requested that defendants' "[d]e [n]ovo trial request" be denied because defendants did not submit "an actual request for a [t]rial [d]e [n]ovo" within the thirty-day statutory deadline. See N.J.S.A. 2A:23A-26. On the same day, May 25, 2022, defendants submitted a corrected request for a trial

de novo. The civil division manager's office responded on May 26, 2022, that "[d]e[ ]novo was already processed on" April 13, 2022.

On June 6, 2022, plaintiff submitted a second request for the court to deny defendants' trial demand. On June 9, 2022, the civil division manager's office reversed its prior decision and issued a notice stating that "[u]pon further review, . . . the late submission of [the] de[ ]novo request will be denied." On June 10, 2022, defendants moved to dismiss the complaint on the ground that plaintiff had failed to move for confirmation of the award within fifty days of its entry, as required by Rule 4:21A-6(b)(3). In response, on June 13, 2022, plaintiff opposed defendants' motion to dismiss and cross-moved to confirm the arbitration award.

Ultimately, in a December 30, 2022, order, the trial judge granted plaintiff's cross-motion. The order confirmed the arbitration award out of time and entered judgment in plaintiff's favor, thereby denying defendants' motion to dismiss and file an untimely request for a trial de novo. In an accompanying statement of reasons, the judge rejected defendants' contention that there were extraordinary circumstances to justify accepting their deficient trial demand but no basis to accept plaintiff's belated request for confirmation.

The judge explained:

A-1688-22

In [Allen v. Heritage Court Associates], the court distinguished a belated request for a trial de novo from a belated request to confirm an arbitration award, explaining that the [thirty]-day time limitation for demanding a trial de novo is a statutory requirement under [N.J.S.A.] 2A:23A-26, as well as a requirement of [Rule] 4:21-6(b)(1), and as such the [thirty]-day time limitation is strictly enforced.  325 N.J. Super 112, 116 (App. Div. 1999).  That deadline will be relaxed only upon a showing of "extraordinary circumstances." Hartsfield v. Fantini, 149 N.J. 611, 618 (1997).  On the other hand, the [fifty]-day limitation period for seeking confirmation of an arbitration award is not fixed by statute.  Instead, it "is a 'procedural dismissal,' which is 'subject to vacation under the standards set forth in [Rule] 4:50-1.'"  [Allen, 325 N.J. Super. at 117] (quoting Sprowl v. Kitselman, 267 N.J. Super. 602, 606 (App. Div. 1993)).  "A motion to vacate a dismissal for failure to file a timely motion to confirm an arbitration award should be viewed with great liberality."  Id. at 118.  Further, under [Rule] 4:50-1(a), the court may relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect."

Applying these principles, the judge concluded there was "good cause to extend the [fifty]-day time limit" for confirmation, stating:

> Here, plaintiff argues that he failed to timely move to confirm the arbitration award because he relied on the clerk's office's errant April 13, 2022[,] notice that a new trial would be scheduled.  Unlike the strict [thirty]-day time limit to request a trial de novo, the [fifty]-day time limit to confirm an arbitration award under [Rule] 4:21A-6(b)(3) has been afforded more flexibility. Moreover, the court finds plaintiff's reliance on the clerk's office's errant notice meets the threshold of "mistake" under [Rule] 4:50-1(a).

A-1688-22

Conversely, the judge was

> not persuaded by defendant[s'] bald assertion that "[t]he failure of arbitration employees to review filings or file a deficiency notice constitutes 'extraordinary circumstances' as it prejudiced defendant[s'] right to de novo the award," thereby permitting the court to disturb the [thirty]-day time limit . . . . Defendant fails to provide any authority to show that these circumstances indeed meet the standard under <u>Allen</u>, and further fails to show any other "extraordinary circumstances" for this court to disturb the [thirty]-day time limit for requesting a trial de novo.
>
> [(Second alteration in original).]

This appeal followed.

On appeal, defendants raise the following points for our consideration:

> [I] THE TRIAL COURT ERRED IN REFUSING TO RELAX THE DEADLINES SET FORTH IN N.J.S.A. 2A:23A-26 AND <u>R.</u> 4:21A-6(b)(1) TO REJECT THE ARBITRATION AWARD AND REQUEST A TRIAL DE NOVO AS THERE WERE EXTRAORDINARY CIRCUMSTANCES WARRANTING RELAXATION OF THE DEADLINE AND DEFENDANT[S] SUBSTANTIALLY COMPLIED WITH THE COURT RULE.
>
> > [A.] There Are Exceptional Circumstances Warranting an Extension of the Deadline to Request a Trial De Novo.
> >
> > [B.] Defendants have Substantially Complied with <u>R.</u> 4:21A-6(b)(1).

[II] THE TRIAL COURT ERRED IN FINDING THAT UNDER R. 4:21A-6(B)(3) AND R. 4:50-1(A), THERE WAS GOOD CAUSE TO EXTEND THE [FIFTY]-DAY TIME LIMIT FOR CONFIRMATION OF THE APRIL 12, 2022[,] ARBITRATION AWARD[.]

The short deadline established in N.J.S.A. 2A:23A-26 and Rule 4:21A-6(b)(1) for filing a de novo demand is designed to "require a prompt demand for a trial de novo in cases subject to mandatory arbitration," Corcoran v. St. Peter's Med. Ctr., 339 N.J. Super. 337, 344 (App. Div. 2001), and to "ensure[] that the court will promptly schedule trials in cases that cannot be resolved by arbitration." Nascimento v. King, 381 N.J. Super. 593, 597 (App. Div. 2005). "The Legislature intended [that rule] . . . to be strictly enforced." Hartsfield, 149 N.J. at 616 (alteration and omission in original) (quoting Hart v. Prop. Mgmt. Sys., 280 N.J. Super. 145, 147 (App. Div. 1995)). "This furthers the stated aims of the compulsory arbitration program, which is to bring about inexpensive, speedy adjudications of disputes and to ease the caseload of state courts." Behm v. Ferreira, 286 N.J. Super. 566, 574 (App. Div. 1996).

Thus, our courts have cautioned that

> when neither party has made a timely motion for a trial de novo, the court's power to extend the time frame [under Rule 4:21A-6] "must be sparingly exercised with a view to implementing both the letter and the spirit of the compulsory arbitration statute and the rules

> promulgated pursuant thereto, to the end that the arbitration proceedings achieve finality."
>
> [Martinelli v. Farm-Rite, Inc., 345 N.J. Super. 306, 310 (App. Div. 2001) (quoting Mazakas v. Wray, 205 N.J. Super. 367, 372 (App. Div. 1985)).]

Only upon a showing of "extraordinary circumstances" will the thirty-day filing requirement be relaxed. Hartsfield, 149 N.J. at 618. "That determination is fact sensitive and should be made on a case-by-case basis." Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 609 (1997). However, extraordinary circumstances will "not arise from an attorney's 'mere carelessness' and 'lack of proper diligence.'" Martinelli, 345 N.J. Super. at 310 (quoting Hartsfield, 149 N.J. at 618). Nor will "substantial compliance with the filing limitation . . . constitute 'extraordinary circumstances' sufficient to relax the thirty-day rule." Hartsfield, 149 N.J. at 618. Instead, "the circumstances must be 'exceptional and compelling.'" Id. at 619 (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)).

In Hartsfield, while "sympathetic," our Supreme Court held that an attorney's "difficulties following the departure of two attorneys from his four-attorney office" did not excuse "his failure to review his diary" and "ensure that his secretary followed his instructions" to qualify as "extraordinary circumstances" sufficient to relax the thirty-day rule. 149 N.J. at 619. In

Martinelli, 345 N.J. Super. at 312-13, we concluded that "defense counsel's computer failure did not qualify as an extraordinary circumstance to allow extension of the time within which to file for a trial de novo" because "[c]omputer failures, not unlike human failures," "can be anticipated and guarded against."  In Behm, 286 N.J. Super. at 574, we observed that "[t]he excuse that an attorney is too busy or has too heavy a work load to properly handle litigation or to supervise staff is insufficient to constitute extraordinary circumstances."

We have emphasized the importance of such a stringent standard:

> If a party could set aside an arbitration award and obtain a trial de novo whenever his or her attorney neglected to file for a trial de novo within time solely because of a clerical error or failure to note or advise the client of the thirty-day requirement to file for a trial de novo, there would be an open door which would render the thirty-day time limit of [Rule] 4:21A-6(b)(1) meaningless.  Such a relaxation of the rule "thwarts the effectiveness of a valid arbitration."
>
> [Behm, 286 N.J. Super. at 574 (quoting Sprowl, 267 N.J. Super. at 610).]

Although Rule 4:21A-6(b)(1) requires that both filing and service of a trial de novo demand be made within thirty days, the requirement to serve the trial demand on one's adversary is subject to a less stringent standard and "may be relaxed upon a showing of good cause and the absence of prejudice."  Flett

9

Assocs. v. S.D. Catalano, Inc., 361 N.J. Super. 127, 134 (App. Div. 2003). This is so because "a delay in satisfaction of the service requirement does not have the same deleterious effect upon efficient administration of the arbitration program as a failure to file the demand within time." Ibid.; see Nascimento, 381 N.J. Super. at 598-99 (concluding that "the doctrine of substantial compliance can be invoked to extend the thirty[-]day time limit for serving the de novo demand" on the adversary "since the filing and service requirements serve different goals").

On the other hand, the time limit to file a motion to confirm an arbitration award "has no statutory foundation," Allen, 325 N.J. Super. at 116, and is imposed solely by Rule 4:21A-6(b)(3), which provides that "[a]n order shall be entered dismissing the action following the filing of the arbitrator's award unless . . . . within [fifty] days after the filing of the arbitration award, any party moves for confirmation of the arbitration award and entry of judgment thereon." We have explained that, unlike "the strict enforcement" of the thirty-day limit on de novo trial demands,

> a relaxation of the time period for filing a motion to confirm an arbitration award does not "thwart[] the effectiveness of a valid arbitration." [Sprowl, 267 N.J. Super. at 610]. In fact, a plaintiff who obtains an award in arbitration proceedings under Rule 4:21A commonly receives payment from the defendant without filing a

motion to confirm. Thus, the only apparent reason for entry of an order of dismissal when there has not been a timely demand for a trial de novo or motion to confirm, and the parties have not submitted a consent order of dismissal or judgment, is to clear the court calendar of a case which has been finally resolved by arbitration.

[Allen, 325 N.J. Super. at 116-17 (first alteration in original).]

For these reasons, a motion to confirm an arbitration award out of time is generally viewed indulgently because a procedural dismissal under Rule 4:21A-6(b)(3), like a default judgment, "deprives a party of the benefit of an adjudication on the merits." Id. at 117; see Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964) (recognizing that applications to vacate a default judgment are "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached"). Moreover, "[t]he equitable considerations supporting relief from a procedural dismissal for failure to file a timely motion for confirmation of an arbitration award . . . are even more compelling" because "[a] plaintiff who has obtained an arbitration award has already expended the time and money required to present evidence at an arbitration hearing, and the arbitrator or arbitrators who heard the evidence have determined that plaintiff is entitled to a recovery." Allen, 325 N.J. Super. at 118.

A-1688-22

Because this appeal involves interpreting the court rules governing mandatory arbitration, our review is de novo. Vanderslice v. Stewart, 220 N.J. 385, 389 (2015). Thus, we are not bound by the trial court's findings and conclusions, but have "the right to review the record and make [our] own findings of fact and conclusions" based on the record. Grasso v. Borough Council of Glassboro, 205 N.J. Super. 18, 25 (App. Div. 1985).

Guided by these principles, we agree with the judge's decision and affirm substantially for the judge's cogent reasons. Defendants argue that despite their deficient filing, counsel "made the request for a trial de novo by selecting [the] category in its [electronic filing] and paying the requisite fee" the day after the arbitration award was entered. By defendants' own admission, "th[eir] error went unnoticed by the [c]lerk," who did not "notify [d]efendants of the deficient filing." Instead, according to defendants, "[t]he [c]lerk noted on two . . . separate occasions that a trial de novo had been processed" and "[p]laintiff was aware that a trial had been scheduled." Thus, defendants contend that since "counsel had no reason to believe that the filing was deficient or that a de novo request was not timely filed," defendants established extraordinary circumstances to justify relaxing the deadline.

A-1688-22

Unlike a failure to pay a required filing fee, where the clerk "shall" notify a party if the fee is not paid, if a party files deficient papers, the clerk "may notify the person filing if such papers do not conform[.]" See Vanderslice, 220 N.J. at 390 (alteration in original) (citing R. 1.5-6(c), (c)(1)(A)). Technical filing defects, such as deficient payment, do not serve to defeat an otherwise valid filing. Id. at 391.

Here, however, defendants' filing deficiency is substantive. N.J.S.A. 2A:23A-26 requires that a party "petition[] the court . . . for a trial de novo." See also Black's Law Dictionary 1384 (11th ed. 2019) (defining "petition" as "[a] formal written request presented to a court or other official body"). Defendants' filing of an unrelated adjournment request, in place of a petition for trial de novo, see N.J.S.A. 2A:23A-26, plainly confounds the statutory requirement by which they were bound.

Countless motions have come before our courts, imploring us to find extraordinary circumstances after an attorney inadvertently failed to comply with the thirty-day requirement. While we are sympathetic, we have made clear that extraordinary circumstances do not arise from attorney carelessness. See Martinelli, 345 N.J. Super. at 310 (collecting cases where attorneys' carelessness did not present extraordinary circumstances). This entreaty is no different.

13                                                          A-1688-22

Permitting relaxation merely because the civil division manager's office did not alert counsel of his deficient filing would inappropriately absolve counsel of his responsibility to file with proper diligence. Counsel's mistaken submission of an adjournment request for an entirely unrelated case could have been avoided with due care.

Equally unpersuasive is defendants' argument that "the substantial compliance standard" for the service requirement should be applied to relax the filing requirement. Defendants concede that "the substantial compliance standard has only been applied in situations where a litigant has failed to serve a request for trial de novo[] but has timely filed same." Nonetheless, defendants urge us to apply the substantial compliance standard here because of the "unique circumstances of this case." We decline defendants' invitation to depart from our well-established standards. See Vanderslice, 220 N.J. at 391 (recognizing that "a delay in satisfaction of the service requirement does not have the same deleterious effect upon efficient administration of the arbitration program as a failure to file the demand within time" (quoting Flett Assocs., 361 N.J. Super. at 134)).

Finally, defendants contend the judge erred in finding "good cause to extend the [fifty]-day deadline for [p]laintiff to confirm the arbitration award."

We disagree. We again observe, as we did in Allen, "an order vacating a dismissal under Rule 4:21A-6(b) to enable a plaintiff to obtain confirmation of an arbitration award does not conflict with any mandate of the statute under which the arbitration was conducted[,]" and "[m]ost importantly, . . . an order granting additional time for confirmation of a valid arbitration award promotes the judicial policy of finality of arbitration awards." 325 N.J. Super. at 121 (citation omitted).

Here, we agree with the judge's determination that "plaintiff's reliance on the clerk's office's errant notice meets the threshold of 'mistake' under [Rule] 4:50-1(a)." Plaintiff reasonably relied on the two notices from the clerk's office, issued prior to the fifty-day deadline, that processed defendants' deficient filing. Once the clerk's office denied defendants' filing on June 6, 2022, fifty-five days after the arbitration award was entered, plaintiffs moved to confirm the award out of time on June 13, 2022. Like the judge, under the circumstances, we do not believe plaintiff should be denied relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1688-22

_____
**NATALI, J.A.D., dissenting.**

Primarily relying on case law interpreting <u>Rule</u> 4:21A-6, and the extraordinary circumstances necessary to relax the <u>Rule</u>'s thirty-day filing requirement, <u>see</u> <u>Hartsfield v. Fantini</u>, 149 N.J. 611, 619 (1997), the majority concludes defendants failed to timely file a mandatory "petition," or otherwise satisfy the conditions necessary to excuse their purported belated filing. If this were a situation where defendants' counsel failed to file his de novo request within thirty days because of his carelessness or "lack of proper diligence," <u>ibid.</u>, I would agree we should affirm, but that is not at all what occurred here.

Defendants' counsel clearly made a timely de novo demand accompanied by the appropriate filing fee which was accepted by the clerk and confirmed to be a proper de novo demand on two occasions and formed the basis for the clerk to advise a trial would be scheduled shortly. If that were not enough, plaintiff's counsel herself, at least initially, understood that defense counsel's communication to the court was a timely de novo demand.

I highlight certain portions of the record to amplify the reasons for my dissent. As noted, the parties attended mandatory, nonbinding arbitration pursuant to <u>Rule</u> 4:21A-1(a)(2), and the arbitrator awarded plaintiff $100,000 on his claims for assault, terroristic threat, and negligence, and ascribed 100% liability to Pereira, despite defendants' claims that plaintiff sustained his injuries

after he was found trespassing on a closed lot to steal "batteries from vehicles and other items of value from [d]efendants," and that Pereira acted in self-defense in response to plaintiff "chok[ing] and injur[ing]" him.

Unhappy with the result, on April 13, 2022, one day after the arbitration award was entered and twenty-nine days before the de novo deadline, defendants' counsel submitted via the eCourts filing system, a "Request for De Novo Trial."  As represented in defendants' merits brief—unrebutted by plaintiff or any other evidence in the record—defendants paid the appropriate fee for de novo relief as required by Rule 4:21A-6(c), that the court accepted.  Defense counsel's only error, as accurately detailed by the majority, was inadvertently appending an incorrect document, unrelated to this case, to his demand.[1] Despite the attachment, that same day, the clerk accepted the filing and notified all parties that defendants' request was "now processed and a date for trial w[ould] be scheduled shortly."

On May 25, 2022, approximately a week and a half after the de novo deadline, plaintiff's counsel filed a "Notice to the Court" in which she explicitly acknowledged that on April 13, 2022, "[t]he arbitration award was rejected by

---

[1] The document defendants' counsel submitted was a confirmation from eCourts of an adjournment request submitted in an unrelated case.

A-1688-22

[defendants]" and defendants' counsel had "requested a trial de novo," but nevertheless inconsistently claimed, for the first time, defendants' demand was somehow not "an actual request"—despite defendants' counsel's selection of "Request for De Novo Trial" on the eCourts system—based on counsel's appending the unrelated adjournment confirmation. Upon being alerted to plaintiff's counsel's complaint, defendants' counsel immediately filed on May 25, 2022, a second, and in my view unnecessary, request for trial de novo.[2] The next day, the clerk entered a second notice which confirmed, correctly, the de novo demand "was already processed on Apr[il] 13[, 2022]."

Undeterred, on June 6, 2022, plaintiff's counsel filed yet another "Notice to the Court." That letter notably failed to include her earlier characterization that defendants had filed a de novo request on April 13, 2022. Instead, counsel characterized defendants' counsel's April 13, 2022 filing as "an adjournment request confirmation document of another matter."

Two days later, the clerk responded in a notice advising plaintiff to "contact the Arbitration Administrator." The following day, the clerk, without further explanation, reversed course and entered a notice stating "[u]pon further

---

[2] While it is not in the record before us, I assume the second request included a conforming letter.

review, please note the late submission of [defendants'] de[ ]novo request will be denied" and "[f]or further inquir[y], defendant[s] should contact the court."

Against these facts, the majority agrees with plaintiff and the trial court, that defendants failed to make a timely demand for a trial de novo. I fundamentally reject that conclusion, as to accept it would require me to pretend the events leading up to May 25, 2022 never occurred. I cannot. Those undisputed events clearly establish both plaintiff and the court understood defendants' counsel's April 13, 2022 filing, while hardly perfect, was a demand for a trial de novo despite the attachment. Indeed, as noted, the court accepted the filing fee, processed the demand, and advised that a trial on the merits would be scheduled. Defendants had every right to rely upon the clerk's notice to conclude they had filed a timely demand for a trial de novo. And, having filed their request within a day of entry of the arbitration award, had the clerk reached a contrary result there was more than sufficient time within the remaining period for defendants' counsel to correct any misunderstanding. Defendants' counsel's subsequent filing and any characterization thereof does not, in my view, alter the analytical calculus as neither changes the undisputed events that took place prior to May 25, 2022.

Contrary to the majority's position, the language of N.J.S.A. 2A:23A-26 does not support the court's order. That statute does not require a formal "petition" be filed in any particular form, but directs only that the arbitration award becomes final unless "one of the parties petitions the court within [thirty] days of the filing of the arbitration decision for a trial de novo." N.J.S.A. 2A:23A-26 (emphasis supplied). And, Rule 4:21A-6(b)(1) does not use the word "petition" at all, but rather requires only "a notice of rejection of the award and demand for a trial de novo" and payment of the "trial de novo fee."

By using the word "petitions" in N.J.S.A. 2A:23A-26, the Legislature chose to require explicitly a party to take certain action, rather than to identify a particular document to support the de novo request. Compare N.J.S.A. 2A:23A-26 with N.J.S.A. 2A:4A-30 ("[t]he petition [alleging a juvenile-family crisis] shall be filed with the clerk of the court . . ." (emphasis supplied)); N.J.S.A. 2C:58-23 ("a petitioner may file a petition . . . for a temporary extreme risk protective order . . ." (emphasis supplied)); and N.J.S.A. 30:4C-15 (providing certain circumstances in which "[a] petition as provided in this section may be filed" to terminate parental rights (emphasis supplied)). That is entirely consistent with the word's usage in various other contexts. See, e.g., N.J. Const., art. I, ¶ 18 ("The people have the right . . . to petition for redress of

grievances"); State v. Finneman, 458 N.J. Super. 383, 385 (App. Div. 2019) ("Both [attorneys] successfully petitioned the court to withdraw"); Sauro v. Sauro, 425 N.J. Super. 555, 560, 563 (App. Div. 2012) ("Each firm that withdrew from the case petitioned the court to impose an attorney charging lien" and "Plaintiff petitioned the court for leave to relocate").

By selecting "Request for De Novo Trial" in the eCourts system, defendants' counsel clearly provided notice that defendants were rejecting the arbitration award and demanding a trial de novo, consistent with Rule 4:21A-6, and, as noted, his actions were understood as such by both plaintiff and the court. In other words, in my view, counsel's communication to the court and plaintiff through the eCourts system qualified as "petition[ing]" the court for a trial de novo under N.J.S.A. 2A:23A-26.

As the majority notes, our Rules do not require the clerk to alert a party to deficiencies in their filing. See R. 1:5-6(c) (noting clerk "may notify the person filing if such papers [presented for filing] do not conform" to the Rules). Again, context matters. Not only did the clerk accept the filing without notifying defendants' counsel of the incorrectly appended document, but they communicated to all parties that the request for a trial de novo was "now processed and a date for trial w[ould] be scheduled shortly."

6                                                                                      A-1688-22

Because I conclude defendants timely demanded a trial de novo on April 13, 2022, I would not reach the issue of whether they established extraordinary circumstances to relax the thirty-day deadline set forth in Rule 4:21A-6(b)(1). Were it necessary to address that issue, I would conclude under these circumstances and the "fact-sensitive analysis" required, "exceptional and compelling" facts exist to warrant relief. Hartsfield, 149 N.J. at 618-19 (quoting Baumann v. Marinaro, 95 N.J. 380, 393 (1984)). On this point, the cases relied upon by the majority do not compel a different result.

Indeed, in Hartsfield, the plaintiff's attorney failed to make a de novo demand in any capacity until nearly twenty days after expiration of the thirty-day deadline because his secretary had not followed his instruction and he had not reviewed his diary due to an increased caseload. Id. at 614. In Martinelli, defendant's counsel failed to file a de novo demand within the thirty-day period because his electronic diary malfunctioned and "had not alerted him to file a demand." Martinelli v. Farm-Rite, Inc., 345 N.J. Super. 306, 309 (App. Div. 2001). In Behm, an attorney neglected, without further explanation, to timely file de novo demands in three separate cases until after receiving motions to confirm the awards filed twenty-eight, nineteen, and sixty-two days after the thirty-day deadlines expired. Behm v. Ferreira, 286 N.J. Super. 566, 570-73

7

(App. Div. 1996). None of these cases considered the facts before us, where: 1) a party's counsel made a timely de novo demand and paid the fee, 2) the adverse party acknowledged the de novo request, and 3) the clerk advised the parties the demand had been processed and a trial would be scheduled.

Having concluded defendants timely sought a trial de novo, and even assuming they had not, extraordinary circumstances existed to warrant a relaxation of the thirty-day deadline, I would reverse the court's order confirming the award. While I acknowledge, as does the majority, the different standards and Rule applicable to a motion to confirm an arbitration award, I would be remiss if I did not also note it would be fundamentally unfair to apply such an inequitable and crabbed interpretation of defendants' April 13, 2022 de novo demand while indulging completely plaintiff's counsel's positions and arguments related to her unexplained and indisputably untimely motion to confirm the award.

As Justice Clifford cogently stated in his dissent in Stone v. Old Bridge Township, "[o]ur Rules of procedure are not simply a minuet scored for lawyers to prance through on pain of losing the dance contest should they trip." 111 N.J. 110, 125 (1988) (Clifford, J., dissenting). Rather, the Rules "should be subordinated to their true role, i.e., simply a means to the end of obtaining just

and expeditious determinations between the parties on the ultimate merits." Ragusa v. Lau, 119 N.J. 276, 284 (1990) (quoting Handelman v. Handelman, 17 N.J. 1, 10 (1954)).

The outcome reached by the majority, in my view, ignores the principles espoused by Justice Clifford and all events prior to May 25, 2022, solely because defendants' counsel filed a letter that did not memorialize what everyone understood he requested. The result? Plaintiff is unfairly permitted to confirm an award and avoid a trial on the merits. Because I do not believe that outcome is warranted by the facts, I respectfully dissent.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1688-22