**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1553-23

BURLINGTON COUNTY
MUNICIPAL JOINT INSURANCE
FUND, as Subrogee of ROBERT
ETTINGER, JONATHAN GLASS,
JOHN HALL, MICHAEL BREWER,
SHANNON SAWYER, and THE
TOWNSHIP OF PEMBERTON,
COUNTY OF BURLINGTON,
STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KURT V. SMITH,

     Defendant-Appellant.

_____

Submitted December 17, 2024 – Decided February 28, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1942-20.

Kurt V. Smith, appellant pro se.

The Deweese Law Firm, PC, attorneys for respondent
(D. Scott Deweese, II, on the brief).

PER CURIAM

Defendant Kurt V. Smith, self-represented, appeals from a November 8, 2023 order, denying his motion for a trial de novo.  Defendant contends he was deprived of due process in various ways during the arbitration hearing and was not served with plaintiff's notice of motion to confirm the arbitration award. reject his arguments and affirm.

I.

We glean the facts, many of which are undisputed, from the motion record. On October 14, 2020, plaintiffs Burlington County Municipal Joint Insurance Fund, as subrogee of several township employees, and the Township of Pemberton, County of Burlington, filed a complaint against defendant for damages incurred because of a fire defendant started at his home in Pemberton Township on October 16, 2018.  The injured township employees–members of the Pemberton Police Department–entered the burning structure to attempt to rescue elderly individuals in the home and sustained injuries as a result.

Defendant filed an answer to the complaint.  Following the completion of discovery on February 2, 2023, the court scheduled the parties to attend mandatory arbitration pursuant to Rule 4:21-1.  Arbitration was rescheduled for

2

May 4, 2023. Defendant, who was criminally charged, convicted by a jury and sentenced on February 10, 2022,[1] regarding the 2018 fire, was incarcerated at the time of the arbitration hearing.

Notice of the arbitration hearing dated April 4, 2023, was sent to defendant at Northern State Prison in Newark. On the day of the hearing, May 4, 2023, defendant appeared briefly but the record does not confirm his location. There were technical issues with the correctional facility's video functioning; therefore, the court instructed the parties to proceed with arbitration telephonically. Defendant claims he lost connection that day. In the Report and Award of Arbitration signed by the arbitrator on May 4, 2023, the arbitrator states "[d]efendant Smith refused to [attend] a hearing by phone. He was advised that the court wanted the arbitration to go forward; he stated he wanted his attorney and hung up."

In support of his motion for a new trial, defendant acknowledged that the arbitration hearing occurred by phone because the video was not working. He

---

[1] On appeal of defendant's underlying criminal case, we affirmed his convictions and remanded the sentence for the judge to explain the real-time parole consequences of defendant's sentence. State v. Smith, No. A-2068-21 (App. Div. Dec. 14, 2023), cert. denied, 256 N.J. 530 (2024).

asserts he requested a postponement and that immediately thereafter he wrote to the court.

On May 8, 2023, plaintiff mailed the Arbitration Award to defendant at Midstate Correctional Facility, in Fort Dix by regular and certified mail. On June 13, 2023, plaintiff filed and served a notice of motion seeking to confirm the arbitration award. The motion was sent at the same address via regular and certified mail. Defendant contends he never received the motion.

On July 10, 2023, with no opposition having been filed, the judge issued an order confirming the arbitration award and entering judgment in favor of plaintiff. The July 10, 2023, the order was sent regular and certified mail to defendant at Mid-State Correctional Facility, in Wrightstown. On July 24, 2023, defendant signed an acknowledgement, confirming receipt of this legal mail.

On August 16, 2023, defendant filed a notice of motion seeking a trial de novo. Defendant contended he did not receive the arbitration award, and on the day of the hearing, the video and telephone were inadequate. Defendant also sought to challenge the underlying facts of plaintiffs' complaint. Defendant did not request oral argument.

On October 30, 2023, the judge denied defendant's motion, setting forth his reasons on the record. The judge was satisfied defendant was served with

4

the arbitration award because the proof of mailing sent on June 13, 2023, reflected the same address for Mid-State Correctional Facility on "both of the letters from defendant" that the court had before it.  As a result, the court concluded that defendant's motion for a trial de novo was beyond the thirty-day requirement and therefore was untimely.

Nonetheless, the judge considered defendant's application on the merits. He found no basis to set aside the judgment and grant a new trial.  This appeal followed.

## II.

We review a trial court's "interpretation of the court rules governing mandatory arbitration, which is a question of law," de novo.  Vanderslice v. Stewart, 220 N.J. 385, 389 (2015).  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

Parties are required to attend arbitration in applicable cases.  R. 4:21A-1. A party compelled to attend arbitration has a right to file "a notice of rejection of the award and demand for a trial de novo" within thirty days of the arbitration award.  R. 4:21A-6(b)(1).  However, if a party defending against a claim of

damages fails to appear, "that party's pleading shall be stricken, the arbitration shall proceed, and the non-appearing party shall be deemed to have waived the right to demand a trial de novo." R. 4:21A-4(f) (emphasis omitted).

Here, defendant had notice of the arbitration hearing, appeared initially and was given an opportunity to participate. While technical issues may have prevented a video proceeding, there is no evidence to support defendant's assertion that a telephonic hearing was inadequate. According to the arbitrator, defendant was advised that the hearing would proceed telephonically, and he refused to participate by phone. By voluntarily disconnecting from the proceeding, defendant waived his right to reject the arbitration award and seek a trial de novo. Ibid.

Nonetheless, the judge considered defendant's arguments supporting his request for a trial de novo. Defendant argued before the motion judge, as he does on appeal, that he did not receive a copy of the arbitration award and therefore was unable to challenge it in a timely manner. As the judge concluded, the proof of service demonstrated that the arbitration award was sent to the same address of Mid-State Correctional Facility as reflected on letters from defendant that the judge had in front of him.

It appears plaintiff may have used a different address for Mid-State Correctional Facility when sending defendant the arbitration award and the notice of motion to confirm the award as compared with the address used to send the July 10, 2023, order. However, contrary to defendant's claims, he took no action immediately after the arbitration hearing on May 4, 2023, to notify the court of his concerns regarding the hearing and request a trial de novo.

To the extent we have not address any of defendant's remaining arguments, those arguments are without merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1553-23